2008 VT 63

**Kim Sherrie SAWYER v. Jeb SPAULDING, Treasurer of the State of Vermont and Office of the State Treasurer**

[955 A.2d 532]

No. 07-231

¶ 1. May 1, 2008. This appeal involves a request by plaintiff, a Massachusetts attorney appearing pro se, for certain financial records from defendant, the Treasurer of the State of Vermont, pursuant to the Access to Public Records Act (PRA). The Treasurer denied the request, and plaintiff appealed to superior court. The superior court granted defendant summary judgment, concluding that the records were exempt from disclosure under the "list of names" exemption, 1 V.S.A. § 317(c)(10), and plaintiff appeals. We conclude that the exception does not apply, and reverse and remand.

¶ 2. The parties stipulated to the following facts. Plaintiff is the sole owner of a business that locates and recovers unclaimed assets. In April 2006, plaintiff sent a written request to the Treasurer for copies of "fiscal records concerning

undeliverable, stale dated and/or outstanding state issued checks/warrants." Plaintiff explained that she was interested only in records that met certain criteria: (1) those belonging to nonindividuals, (2) those over $1000, (3) those managed by the Treasurer's office, and (4) those that had remained outstanding for more than one year and the payee retained the right to claim the funds.

¶ 3. The Treasurer's office denied the request, claiming that the records were exempt from disclosure under 1 V.S.A. § 317(c)(10).[1] This section exempts from disclosure "lists of names compiled or obtained by a public agency when disclosure would violate a person's right to privacy or produce public or private gain." *Id.* Plaintiff appealed to the Treasurer, who affirmed the denial. The Treasurer acknowledges that he is the custodian of the financial records, which provide the information that plaintiff requested. Plaintiff appealed to superior court. The parties agreed on a statement of facts, and each filed a motion for summary judgment.

¶ 4. Following argument, the superior court ruled from the bench on the parties' motions for summary judgment. The trial court determined that the Treasurer sufficiently demonstrated the statutory requirements of the exemption: (1) that plaintiff's request was for a list of names, and (2) that it was for private gain. Concerning the first element, the court acknowledged that plaintiff's request was "not actually for a list," but nonetheless concluded that the request met the statute's definition of a list because it required the agency to perform a "sorting

function" and to create a "summary document." The court's conclusion rested on its determination that the purpose of the exemption in § 317(c)(10) is:

> to conserve government resources in a manner that state employees are not obligated to spend their time sorting through masses of agency data when the purpose of that time and attention would be to serve commercial purposes on the one hand or even public purposes under circumstances that involve public gain.

Because plaintiff's request would require the Treasurer to "engage in [a] kind of compilation process," the court concluded that it was for a list.

¶ 5. As to the exemption's second requirement — that the request be for public or private gain — the court recognized that generally motive is not relevant to a request for public records, see *Finberg v. Murnane*, 159 Vt. 431, 437, 623 A.2d 979, 983 (1992), but concluded that, in this case, motive was pertinent because of the exemption's language. Plaintiff did not dispute that she would be using the information as part of her commercial business.[2]

¶ 6. We review a motion for summary judgment de novo using the same standard as the trial court. *Springfield Terminal Ry. v. Agency of Transp.*, 174 Vt. 341, 344, 816 A.2d 448, 452 (2002). Summary judgment is appropriate where there are no disputed facts and the moving party is

---

[1] Initially, the Treasurer asserted that the records were also exempt under § 317(c)(7), which allows an agency to deny a request for "personal documents relating to an individual." The Treasurer later withdrew § 317(c)(7) as a basis for denial of plaintiff's request.

[2] At oral argument, plaintiff explained that she will use the list to determine if any of her current clients – government and corporate entities – have money owed to them. She represented that she will not use the information to solicit business from entities with which she does not already have a contractual relationship.

entitled to judgment as a matter of law. V.R.C.P. 56(c); *Springfield Terminal Ry.*, 174 Vt. at 344, 816 A.2d at 452. The parties do not dispute the facts; thus, the sole question is whether the information plaintiff seeks is exempt from public disclosure under the PRA. See 1 V.S.A. §§ 315-320.

¶ 7. To resolve this question, we must construe the statutory exemption in 1 V.S.A. § 317(c)(10), a provision that we have not had occasion to consider in the past. This provision exempts "lists of names compiled or obtained by a public agency when disclosure would violate a person's right to privacy or produce public or private gain." *Id.* "Our primary objective in construing a statute is to effectuate the Legislature's intent," and we do so first by examining the statutory language. *Wesco, Inc. v. Sorrell*, 2004 VT 102, ¶ 14, 177 Vt. 287, 865 A.2d 350. We will apply the plain meaning of the language if it is unambiguous, but will "favor interpretations . . . that further fair, rational consequences." *Id.* (quotation omitted).

¶ 8. In construing exceptions to the PRA, we are mindful of the strong public policy favoring access to public documents and records. *Finberg*, 159 Vt. at 434, 623 A.2d at 981; see 1 V.S.A. § 315 (explaining that the purpose of the PRA is to "provide for free and open examination of records"). The exceptions to disclosure are construed strictly against the custodian of the records, and we resolve any doubt in favor of disclosure. *Finberg*, 159 Vt. at 434, 623 A.2d at 981. In addition, the burden of demonstrating that an exception applies is on the agency seeking to avoid disclosure. 1 V.S.A. § 319(a).

¶ 9. On appeal, plaintiff claims that her request is not for a list and therefore the records are not exempt from disclosure. In the alternative, plaintiff argues that if the request is for a list, this Court should conduct a balancing of the interests involved to determine if disclosure is in the public interest. See *Kade v. Smith*, 2006

VT 44, ¶¶ 8-9, 180 Vt. 554, 904 A.2d 1080 (mem.) (holding that under the personal-documents exception, the trial court must balance several factors including the public interest for which the records are sought and the gravity of the invasion of privacy).

¶ 10. We first address plaintiff's claim that the trial court erred in concluding that her request was for a "list" within the meaning of the statutory exemption. As described in the parties' agreed statement of facts, plaintiff requested copies of "the State Treasurer's fiscal records concerning undeliverable, stale dated, and/or outstanding state issued checks/warrants (i.e. deposits or obligations NOT currently held by your state's abandoned property division)," subject to certain criteria. By its plain terms, plaintiff's request was not for a list of names. See Webster's Ninth New Collegiate Dictionary 697 (1985) (defining list as "a simple series of words or numerals"). Plaintiff requested financial records, not a series of names.

¶ 11. The trial court agreed that plaintiff did not request a list; however, the court concluded that the request amounted to a list because it required the Treasurer to sort and compile information for a private enterprise, contrary to the purpose of the exemption. We disagree that sorting and compiling information necessitates a finding that the request is for a list. Had the Legislature intended to include any records that were sorted and compiled, it could have so indicated. Instead, the Legislature exempted "lists of names compiled or obtained by a public agency." 1 V.S.A. § 317(c)(10). We also disagree with the trial court that the sole purpose of the exemption is to prevent public employees from spending their time to retrieve information that will be used for public or private gain. Virtually all public-records requests require public employees to spend time locating the information re-

quested. The Legislature acknowledged that providing "free and open examination of records," *id.* § 315, would also entail expending public resources to fulfill requests. The statute provides a process for public agencies to charge requesters for the actual costs of copying public records and for staff time associated with fulfilling requests. *Id.* § 316. The Treasurer is free under the statute to charge plaintiff "the actual cost of providing the copy," the "costs associated with mailing or transmitting the record," and, under certain enumerated circumstances, "the cost of staff time associated with complying with [the] request." *Id.* § 316(b), (c).

¶ 12. Furthermore, the language of the exemption does not require consideration of the time or energy public employees will expend in fulfilling the request. Therefore, we decline to include this as an element of the exception. See *State v. Jacobs*, 144 Vt. 70, 75, 472 A.2d 1247, 1250 (1984) (explaining that this Court will not "expand a statute by implication, that is, by reading into it something which is not there, unless it is *necessary* in order to make it effective").

¶ 13. The Treasurer similarly argues that plaintiff's request was "the functional equivalent of a request for a list of names" because she would have received a list of names of entities to which the State owes money. We disagree that the Treasurer must create a list to supply plaintiff with the information she requested. In the agreed statement of facts, the Treasurer explained that although it does not have copies of uncashed checks, the Treasurer can print warrant reports that contain "the following information: bank code, bank account number, bank account code, payment method, payment date, payment number, payment amount, vendor ID number, and vendor name." The Treasurer also has access to Vermont's financial management information system from which the Treasurer can access voucher information. The Treasurer can

provide plaintiff with the information she requested without creating a list by providing her access to the documents containing the information or by allowing plaintiff to copy the records containing the information. See *Herald Co. v. City of Bay City*, 614 N.W.2d 873, 878 (Mich. 2000) (holding that information not exempt because the city chose to fulfill the request by creating a new public record where the city could have satisfied the request in other ways, including by allowing the plaintiff access to the documents containing the information). If the Treasurer chooses to comply with plaintiff's request by creating a list, this does not transform plaintiff's request into one for a "list of names." The statutory exemption refers to lists "compiled or obtained" by the agency. Because the statute's language uses the past tense and thus addresses only those lists already in the agency's possession, we conclude that it does not include lists that the Treasurer chooses to create in response to a request for disclosure of information. Indeed, to hold otherwise would imply that the Treasurer could avoid complying with a request for disclosure by simply choosing to create a list and then claiming that the information is exempt. Such an interpretation leads to an irrational result that contravenes the purpose of the statute to provide access to public documents and records. See *Wesco*, 2004 VT 102, ¶ 14.

¶ 14. Alternatively, the Treasurer contends that even if the information is not compiled into one document, it is still a list because the exemption cannot be defeated by a request that asks for the individual components of a list rather than the list itself. We conclude that the Treasurer's suggested definition of list is overly broad. Under the Treasurer's definition, virtually any document containing a name would be exempt from disclosure because it could possibly be combined with information from similar documents to create a list. We reject this interpreta-

tion because it unnecessarily expands the exemption and contravenes the Legislature's "strong policy in favor of disclosure." *Finberg*, 159 Vt. at 436, 623 A.2d at 982.

¶ 15. Finally, we reject the Treasurer's argument that granting plaintiff's request would be inconsistent with the public policy embodied in the abandoned-property statutes that requires asset locators to wait for a statutory period, currently two years, before they can contract with individuals to find property on the individual's behalf. 27 V.S.A. § 1265(b) (voiding any contract made between an owner and an asset locator to recover property "if it was entered into during the period commencing on the date the property was presumed abandoned and extending to a time that is 24 months after the date the property is paid or delivered to the treasurer"). The Treasurer contends that the Legislature disfavors collection by asset locators initially because the owner will recover less than all of his property, and because allowing asset locators, such as plaintiff, to locate property through the PRA before expiration of the waiting period is contrary to this policy.

¶ 16. We disagree that the request in this case contravenes the purpose of the abandoned-property statutes. First, plaintiff did not seek information about abandoned property; rather, she requested information on property that has not yet been deemed abandoned.[3] Second, while the Legislature has specifically limited the use of asset locators for abandoned property, the Legislature has not indicated a similar policy with respect to property held by the State, but not yet deemed abandoned. We will not expand the statute beyond its terms. See *Lecours v. Nationwide Mut. Ins. Co.*, 163 Vt. 157, 161, 657 A.2d 177, 180 (1995) (explaining that "we are constrained not to rewrite the statute" or to "expand the plain meaning of a statue by implication"). Furthermore, we have explained that we will not read two statutes in pari materia if doing so would undermine the PRA's "strong policy in favor of disclosure." *Finberg*, 159 Vt. at 436, 623 A.2d at 982 (refusing to read an exception in pari materia with another statute because doing so would undermine the statute's remedial purpose of disclosure).

¶ 17. Plaintiff did not request a list of names, and therefore the information she requested is not exempt from disclosure. Because of our disposition, we do not reach plaintiff's additional claim that the trial court was required to conduct a balancing of the interests involved.

*Reversed and remanded.*

---

[3] At the time plaintiff made her request, the statute directed that property held by the State would be deemed abandoned after three years. 2003, No. 66, § 301g. The unclaimed-property statutes were amended shortly after plaintiff made her request to the Treasurer. 2005, No. 161 (Adj. Sess.), § 1 (effective July 1, 2006). Under the current version of the statute, property held by a government agency is presumed abandoned one year after it is distributable. 27 V.S.A. § 1242(a)(11).