2010 VT 90

**David J. Shlansky v. City of Burlington and Burlington Police Department**

[13 A.3d 1075]

No. 09-291

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed October 1, 2010

*Justin E. Kolber* and *David J. Shlansky* of *Shlansky & Co., LLP*, Vergennes, for Plaintiff-Appellant.

*Richard W. Haesler, Jr.*, Office of the City Attorney, Burlington, for Defendants-Appellees.

¶ 1. **Skoglund, J.** In this Access to Public Records Act case, plaintiff appeals the trial court's grant of summary judgment to defendants, the City of Burlington and the Burlington Police Department (collectively "the City"). The trial court concluded that the City lawfully withheld certain records as relevant to plaintiff's ongoing traffic court case. Plaintiff argues that summary judgment was inappropriate because the factual record is inadequate, and, in any event, the documents are not relevant to his traffic court case or would be discoverable in that forum. Plaintiff also argues that the City failed to timely respond to his request and wrongfully withheld records. We affirm in part and remand in part for further findings consistent with this opinion.

¶ 2. The underlying facts are uncontested. On June 25, 2008, plaintiff received a speeding ticket on Route 7 in Burlington. On September 18, 2008, plaintiff sent a public records request to the City requesting twenty-one items, including: documents related to plaintiff's traffic ticket; documents about speed recording devices; the citing officer's employment history and performance records; engineering studies and history concerning the speed limits on Route 7 and elsewhere in Burlington; and documents governing general police procedures as well as more specific protocols for stopping vehicles and issuing tickets. On September 19, 2008, plaintiff filed a motion for discovery in the judicial bureau. In his

request, plaintiff notified the judicial bureau that he had sent a public records request to defendants. On September 24, the hearing officer denied the discovery request, in part, explaining:

> Discovery is the exception and should not defeat the summary nature of the proceedings. The officer shall provide Mr. Shlansky a copy of the certificate of accuracy and operator manual for any speed measurement device pertinent to this case. . . . Otherwise, the request for permission to conduct discovery is denied. . . .

> This order does not affect Mr. Shlansky's access to records otherwise available under Vermont's public records law.

> Mr. Shlansky may raise evidentiary issues at the merits hearing and renew any request for discovery/continuance at that time.

Following this order, plaintiff successfully moved to continue the judicial bureau proceedings. Plaintiff's speeding ticket case remains unresolved.

¶ 3. Meanwhile, on October 9, 2008, in response to the public records request, defendants, through the Burlington Police Department, denied disclosure of all the documents plaintiff sought, asserting they were exempt as records relevant to plaintiff's pending traffic court case under the Public Records Act's litigation exception. The litigation exception, 1 V.S.A. § 317(c)(14), exempts "records which are relevant to litigation to which the public agency is a party of record, provided all such matters shall be available to the public after ruled discoverable by the court before which the litigation is pending, but in any event upon final termination of the litigation." Plaintiff appealed the blanket denial to the Chief of Police on October 13, 2008. See 1 V.S.A. § 318(c). Pursuant to the appeal, on October 17, 2008, the Chief of Police, citing the need to distinguish "general requests for public records of the City of Burlington from more specific requests concerning the 5:07 a.m. traffic stop of [plaintiff]," disclosed some items, indicated others did not exist, and upheld the denial of certain others under 1 V.S.A. § 317(c)(14). In his response, the Chief of Police noted:

> We are sensitive to the concern that pending litigation of traffic tickets is on-going and ever-present for the City of

Burlington and that a strict reading of [the case law], temporarily restricting all public records requests involving traffic tickets, the Officers involved in the ticketing and the locales, i.e. city streets, could effectively bar public records requests around all traffic concerns.

¶ 4. On October 23, 2008, plaintiff filed suit in superior court, arguing that the City failed to timely respond to his request and improperly withheld public records. In November 2008, the court ordered the City to produce an itemized list of the withheld information. The City complied. Among the items the City continued to withhold pursuant to the litigation exception were: documents specifically related to plaintiff's June 25, 2008 traffic stop, including an incident report, ticket history, motor vehicle record, and an audio recording; documents related to the citing officer and his personnel record, including training reports, certificates and awards, a job description, correspondence, evaluations, and citizen complaints; and a Burlington Police Department Department Directive titled "Command Protocol & Department Rules." The City also specified that the request for documents concerning the setting of speed limits on the part of Shelburne Road within Burlington city limits was denied due to the pending litigation between the parties but also asserted that those same documents were "completely irrelevant to Mr. Shlansky's pending litigation." The City did provide a copy of a Department Directive titled "Traffic Enforcement — Detecting Violators." Plaintiff then moved to compel defendants to file a more complete index regarding his ninth request — covering all documents concerning the setting of speed or traffic ordinances — arguing that the first index was not detailed enough to demonstrate which documents were withheld. The trial court denied this request, indicating that it needed to examine all of the facts of the case before determining if more information was necessary.

¶ 5. The parties filed cross-motions for summary judgment. The trial court granted the City summary judgment, concluding that plaintiff's records request "falls squarely within the [litigation] exemption" of the Public Records Act. The court found that "the substance and timing of the record request in this case, as well as [plaintiff's] repeated requests while this matter has been pending to delay the traffic court case, makes clear [plaintiff's] purpose is to obtain records for use in that case." The court held that plaintiff could not use the Public Records Act to obtain records

that were denied through the discovery process. Plaintiff now appeals.

¶ 6. In reviewing a grant of summary judgment, this Court uses the same standard as the trial court. *Sawyer v. Spaulding*, 2008 VT 63, ¶ 6, 184 Vt. 545, 955 A.2d 532 (mem.). Summary judgment is appropriate only when there are no issues of material fact and a party is entitled to judgment as a matter of law. V.R.C.P. 56(c)(3). The issue of law before the trial court was the applicability of the litigation exception of the Public Records Act to the withheld documents. The Act demonstrates "a strong policy favoring access to public documents and records." *Wesco, Inc. v. Sorrell*, 2004 VT 102, ¶ 10, 177 Vt. 287, 865 A.2d 350. Exceptions are construed "strictly against the custodians of records." *Id.* "The burden of showing that a record falls within an exception is on the agency seeking to avoid disclosure." *Id.*

¶ 7. Plaintiff argues that the documents are not exempt because they are not relevant to the litigation, or are discoverable in the traffic court case.[1] Plaintiff misapprehends the purpose of the litigation exception.

¶ 8. Vermont's Public Records Act is not meant to allow an end-run around discovery rules or determinations. Despite the broad policy of facilitating public access to government records, the statute specifically carves out an exception for documents "relevant to litigation to which the public agency is a party of record." 1 V.S.A. § 317(c)(14). Here, the outcome of plaintiff's document request hinges specifically on the applicability of the litigation exception to the withheld items and, more generally, on the meaning of the term "relevant" in the context of this exemption. In construing any law, our primary purpose is to implement legislative intent. *Delta Psi Fraternity v. City of Burlington*, 2008 VT 129, ¶ 7, 185 Vt. 129, 969 A.2d 54. "We effectuate this intent by first examining the plain meaning of the

---

[1] Plaintiff concedes that those documents specifically regarding his traffic citation, as well as the citing officer's personnel records, are "relevant" to the pending litigation but claims they should be available under the Public Records Act because they would have been "discoverable." Plaintiff is wrong. Under the litigation exception to the Act, an agency may properly withhold relevant documents until they have been *"ruled discoverable."* 1 V.S.A. § 317(c)(14) (emphasis added). The judicial hearing officer did not order discovery of those documents, and thus, they may properly be withheld as long as they are "relevant" to the pending litigation.

language used in light of the statute's legislative purpose . . . . If that plain language resolves the conflict without doing violence to the legislative scheme, there is no need to go further." *Id.* (quotation omitted). In looking to the statutory language as an expression of legislative intent, we presume the Legislature intended an interpretation that "further[s] fair, rational consequences," and not one that would "lead to absurd or irrational consequences." *Wesco*, 2004 VT 102, ¶ 14 (quotations omitted).

██ ██ ¶ 9. We addressed a similar question of statutory interpretation in *Wesco*, in which the plaintiffs sought to obtain documents through a public records request when they were denied access to the same records through discovery during litigation. In rejecting the plaintiffs' request in *Wesco*, this Court explained that the purpose of § 317(c)(14) is "to place a temporary restriction on the release of otherwise publicly accessible documents during the pendency of litigation in which the requested documents have relevance." 2004 VT 102, ¶ 15. The meaning of relevance is different under this exemption than under the rules of evidence; documents may be exempt if they have been ruled not to be discoverable and are "related or pertinent" to the ongoing litigation. *Id.* ¶¶ 16-17; cf. Vermont Rule of Evidence 401 (defining "relevant evidence"). This exception is intended to allow the court presiding over the litigation to retain control over issues regarding the production of documents relevant to the case and to avoid disadvantaging public agencies as parties to a lawsuit. *Wesco*, 2004 VT 102, ¶¶ 21-22. Any exception to the Public Records Act is to be construed strictly against the records-holder, and any doubt is to be resolved in favor of disclosure. *Id.* ¶ 10. Thus the burden of persuasion is on the agency seeking to withhold documents under an exception to the Act. *Id.* That is to say, when an agency seeks to withhold a document under § 317(c)(14), it must demonstrate that it is, in fact, "related or pertinent" to the ongoing litigation. See *Wesco*, 2004 VT 102, ¶ 17. We conclude that the record and order on summary judgment are insufficient for purposes of determining whether the City met its burden to demonstrate that the withheld documents were related in any principled manner to the ongoing traffic-ticket litigation.

¶ 10. We cannot see a connection between the more general administrative materials that were withheld, such as the departmental command protocol and rules, and plaintiff's individual

traffic ticket.[2] Nor can we discern from the record how these withheld documents are "at issue" in plaintiff's traffic ticket case. See *id*. The City's seemingly contradictory assertion that documents regarding speed limits in school zones along Route 7 are both "irrelevant" to plaintiff's traffic case and yet still subject to withholding under the litigation exception for "relevant" documents also illustrates why an apparently illogical decision to withhold documents needs to be explained to the trial court.

¶ 11. In this case, it is apparent from the record that the trial court relied in large part, if not wholly, on the purpose of plaintiff's records request to determine the relevance of the withheld documents. While it may be that plaintiff seeks documents to use in the judicial bureau proceedings, we have previously held that the identity and motive of the requestor cannot be considered when weighing access to public documents. *Finberg v. Murnane*, 159 Vt. 431, 437, 623 A.2d 979, 983 (1992) (holding that requested documents must be disclosed to lawyer, even if he filed public-records request for list of municipal taxpayers' names and addresses in order to file suit challenging validity of tax, because identity and motive was irrelevant to right of access). In *Wesco*, we noted specifically that the trial court did not rely on the identity of the records-requesting party in its determination of relevance. 2004 VT 102, ¶ 20. Rather, the trial court in *Wesco* made its determination based on the "fact that the documents appellants sought in their public records request were *still at issue in and still had relevance to* the district and environmental court litigation." *Id*. (emphasis added). Here, to the contrary, the trial court noted "[t]he substance and timing of the record request in this case, as well as [plaintiff's] repeated requests while this matter has been pending to delay the traffic court case" in its denial of his public records request, evincing the court's consideration of plaintiff's motives. While plaintiff's purpose might be strongly indicative of the documents' relevance to the ongoing traffic litigation, the relevance of the documents to the specific pending litigation must be established independently.

---

[2] The City would, however, appear to have properly withheld documents concerning the citing officer's performance evaluations, even in the absence of pending litigation, under 1 V.S.A. § 317(c)(7), which exempts "personal documents relating to an individual, including information in any files maintained to hire, evaluate, promote or discipline any employee of a public agency."

¶ 12. We do not overstate the case in saying that open access to governmental records is a fundamental precept of our society. "The generation that made the nation thought secrecy in government one of the instruments of Old World tyranny and committed itself to the principle that a democracy cannot function unless the people are permitted to know what their government is up to." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 772-73 (1989) (emphasis and quotation omitted). In that same vein, the framers of Vermont's Public Records Act acknowledged "[o]fficers of government are trustees and servants of the people and it is in the public interest to enable any person to review and criticize their decisions even though such examination may cause inconvenience or embarrassment." 1 V.S.A. § 315. To that end, the Act "represents a strong policy favoring access to public documents and records." *Wesco*, 2004 VT 102, ¶ 10. That policy goal would suffer were we to allow agencies resisting disclosure to avoid it merely by invoking the magic word "relevant" under the litigation exception. To do so would threaten to cut off valuable information not only to the parties to the litigation but to all Vermonters precisely because the litigation exception, if it is to have any meaning, cannot apply solely to an individual litigant.

¶ 13. As the Chief of Police recognized when he denied plaintiff's request, the documents withheld by virtue of plaintiff's traffic ticket dispute would necessarily be withheld from everyone for the pendency of the litigation. Indeed, to do otherwise would make the litigation exception meaningless. Anyone else could simply obtain the withheld materials and then pass them along to plaintiff. Thus, documents withheld under the litigation exception would be unavailable not only to a party to that litigation but also to the public at large. Under the City's broad interpretation of the term "relevant" then, a newspaper would presumably be prevented from obtaining general information regarding the day-to-day operations of the police department contained in the withheld documents until plaintiff's traffic ticket was resolved.

¶ 14. In *Wesco*, we observed that the burden placed on the litigants specifically, and on the public generally, was mitigated by the temporary nature of the restriction on the release of documents. 2004 VT 102, ¶ 15. Here, however, the sheer frequency of traffic-stop litigation calls into question the temporary nature of that restriction, particularly when coupled with an overbroad

definition of the term "relevance." Traffic citations are "ever-present" in Burlington and elsewhere in the state. If on the basis of an individual traffic ticket, a government agency is allowed to withhold documents more rightly considered general in nature, it could do so indefinitely. As plaintiff correctly points out, the Legislature could not have intended to craft an exception so broad and enduring as to effectively eliminate the general policy favoring public disclosure.

¶ 15. Plaintiff further contends that defendants' itemized list of documents withheld in response to his request for "[a]ny and all documents concerning the setting of City speed or traffic ordinances" was deficient. Defendants explained:

> [T]he request is simply too broad for the City to make any sense of whatsoever; i.e. one way of regarding the request is for the City to produce every piece of paper ever generated which might be concerned with the regulation of motor vehicles within the City of Burlington. As a courtesy to Mr. Shlansky, we addressed his attention to Burlington Code Section 20-39 — Speed Limit Generally.

Plaintiff now claims that defendants must itemize every document that might fall into this request. We disagree. Plaintiff made a generalized request for documents related to the setting of city speed and traffic ordinances. The City complied with this request by directing plaintiff to sections of the city's code available to the general public on the city's Web site. This general information adequately responded to plaintiff's very general request. Should plaintiff desire more specific information concerning a particular speed limit in a particular location, plaintiff is free to make such a request.

¶ 16. With respect to the timeliness of the City's response, plaintiff alleges that defendants failed to comply with the Public Records Act's requirements. Plaintiff specifically complains that the City's response two weeks after his initial request violated the statute's requirement that "if the custodian considers the record to be exempt . . . the custodian shall so certify in writing," and this should generally be done "within two business days." 1 V.S.A. § 318(a)(2). The statute allows extension of the time if "unusual circumstances" exist. *Id.* § 318(a)(5).

¶ 17. Plaintiff claims that the Act's time limits are mandatory and that the City's violation of the time limit creates an independent violation of the Act. The question of whether statutory language is mandatory or directory is one of legislative intent. *In re Mullestein*, 148 Vt. 170, 174, 531 A.2d 890, 892 (1987). In general, a statutory time period is not mandatory "unless it *both* expressly requires an agency or public official to act within a particular time period *and* specifies a consequence for failure to comply with the provision." *Id.* at 173-74, 531 A.2d at 892 (quotation omitted). Because the statute does not provide a negative consequence for an agency's failure to comply with the time requirement, nor does it specify a remedy such as a "deemed approval" or "waiver of exemptions," we conclude that the time requirement of § 318 is intended to be directory rather than mandatory. In those cases where failure to act within a given time frame results in a significant consequence for an agency, the Legislature has expressly stated so. See *id.* at 174, 531 A.2d at 893. Rather than providing for deemed approval or waiver, the Public Records Act explains that if a request is not timely fulfilled, it is deemed denied. 1 V.S.A. § 318(c)(2). The requestor may grieve the denial by filing an action in superior court. *Id.* § 319(a).

¶ 18. Although we conclude here that remand is necessary for the City to clearly establish the relevance of the documents being withheld, plaintiff's public-records request should have no bearing on his ongoing traffic litigation. Plaintiff's traffic court case has been continued for almost two years now, pending the outcome of this public records case. To the extent the judicial bureau hearing officer believed a continuance was required pending the public records request, he was wrong.

¶ 19. Judicial bureau proceedings are intended to be expedited and summary, and therefore, discovery is generally not allowed "without permission of the hearing officer." V.R.C.P. 80.6(d)(1). While the hearing officer has discretion to grant continuances, the rules limit requests to situations involving "good cause." V.R.C.P. 80.6(d)(2). In this case, there was no basis to continue plaintiff's traffic court case based on his public records suit. Vermont's Public Records Act is not intended as a device to delay ongoing litigation or to enlarge the scope of discovery beyond that already provided under the court rules. *Wesco*, 2004 VT 102, ¶ 22. The hearing officer had the authority over discovery

in that proceeding, V.R.C.P. 80.6(d)(1), and had ruled on plaintiff's request. Contrary to plaintiff's contention, the judicial hearing officer did not cede control over discovery. Indeed, he would have no authority to do so. The most plausible reading of the judicial bureau hearing officer's order is that he did not intend to use the power of the court to compel discovery in a proceeding where it would not be appropriate but that he *determined* — to no legal effect given his lack of jurisdiction under the Public Records Act — that that ruling should have no impact on plaintiff's previously submitted public-records request. If plaintiff wished to challenge this ruling, his avenue was through direct appeal, see 4 V.S.A. § 1107(a), not via a collateral civil public records proceeding, which, as we have stated, is neither an alternative discovery tool nor a legitimate justification for a traffic-court continuance.

¶ 20. We decline to address plaintiff's argument that the City and trial court's interpretation of the litigation exception violates Article 6 of the Vermont Constitution because plaintiff did not raise the issue in the court below. *Pion v. Bean*, 2003 VT 79, ¶ 45, 176 Vt. 1, 833 A.2d 1248 ("Contentions not raised or fairly presented to the trial court are not preserved for appeal." (quotations omitted)). In plaintiff's opposition to summary judgment, he raised a potential conflict between the City's position and the Vermont Constitution, Article 10. Raising one constitutional issue does not raise all constitutional issues.

*Affirmed with respect to summary judgment on count 1 regarding the timeliness of the City's response and remanded for further findings with respect to counts 2 and 3.*