STATE OF VERMONT
SUPERIOR COURT – ENVIRONMENTAL DIVISION

{

**In re Pelkey Final Plat Major Subdivision, et al.**   {        **Docket No. 172-12-12 Vtec**

{

### Decision on Motion for Summary Judgment

The pending case is an appeal of a November 14, 2012 decision by the Town of Westford Development Review Board ("DRB") approving the 2-Lot Major Subdivision, Mixed Use Planned Unit Development, Conditional Use application of Theodore and Michelle Pelkey ("Applicants"). This decision addresses Applicants' motion for summary judgment on all 22 questions filed by Thomas White and Michael Blair ("Appellants")[1] in their December 17, 2012 Statement of Questions.

Chad V. Bonanni, Esq. and Jeffrey M. Messina, Esq. represent Appellants in this appeal, and Brian P. Monaghan, Esq. and Nicholas T. Stanton, Esq. represent Applicants. The Town of Westford, which has not responded to Applicants' motion for summary judgment, is represented by Amanda S. E. Lafferty, Esq.

### Factual Background

To put the pending motion into context, the Court recites the following facts, which it understands to be undisputed unless otherwise noted:

1. Applicants reside at 2189 VT Route 128 in Westford, Vermont.

2. The existing Lot 1 of Applicants' property is currently developed as a single family residential lot with a home occupation.

3. Applicants propose to subdivide the existing Lot 1 into two parcels: Proposed Lot 1 and Proposed Lot 2.

4. Proposed Lot 1 would contain 2.05 acres abutting VT Route 128. Applicants also propose to construct a 4,000 square foot, roughly 35 foot high building on Proposed Lot 1 to house a tanker truck repair and EPA certification business and monofilament recycling business.

5. Proposed Lot 2, with 10.7 acres, would serve as a residential lot and would contain all existing development, including a single family dwelling, a permanent garage, a temporary garage, wastewater system, and drilled well.

---

[1] In a July 3, 2013 entry order, this Court dismissed Maurice Rathbun, a third appellant, from this appeal for lack of standing.

6.    3.38 acres of Proposed Lot 2 along the Browns River will be held under an open space easement.

7.    Some portion of Applicants' existing lot contains steep slopes.

8.    Applicants received sketch plan approval for their proposed project by letter dated November 12, 2010 from the Town Planning Coordinator. The DRB granted Applicants preliminary plat approval in a written decision dated February 8, 2012 and final plat approval in a written decision dated November 14, 2012.

## Discussion

Appellants in this case appeal a November 14, 2012 decision by the DRB granting Applicants final plat approval of a proposed two lot subdivision, mixed use planned unit development, site plan, and conditional use, subject to a number of conditions. Appellants appealed the DRB's decision to this Court on December 10, 2012 and filed a 22-question Statement of Questions on December 17, 2012. On May 1, 2013, Applicants moved for summary judgment on all 22 of Appellants' questions. In response, Appellants withdrew their Question 1 and opposed Applicants' motion as to their remaining 21 questions. Accordingly, we will address Applicants' motion for summary judgment on Appellant's Questions 2 through 22.

We will grant summary judgment to a moving party (here, Applicants) upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party (here, Appellants) the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citations omitted); see V.R.C.P. 56(c) (laying out summary judgment procedures). Both the party claiming that a material fact is undisputed and the party seeking to establish a dispute of material fact must support their assertions with citations to materials in the record. V.R.C.P. 56(c)(1); see Reporter's Notes—2012 Amendment, V.R.C.P. 56 ("Rules 56(c)(1)(B) and (c)(2) clarify that all asserted facts must be based on admissible evidence").

We also clarify that this is a de novo appeal. See 10 V.S.A. § 8504(h). In this de novo appeal, we will consider Applicants' final plat application anew to determine whether it complies with the Town of Westford Subdivision Regulations, last adopted February 2011 ("Subdivision Regulations"), and the Town of Westford Zoning Regulations, last adopted February 2011 ("Zoning Regulations"). See Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989)

("A de novo trial 'is one where the case is heard as though no action whatever has been held prior thereto'") (quoting In re Poole, 136 Vt. 242, 245 (1978)); In re Torres, 154 Vt. 233, 235 (1990) (stating that, in considering an application before it, "[t]he reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader."). We restrict our review to those issues raised by Appellants in their Statement of Questions and consider only the evidence presented to the Court, not the evidence that was presented to the Commission during the proceeding below. See id.

## I. Appellants' Question 3

Appellants' Question 3 asks: "Is the proposed subdivision and development prohibited pursuant to Sections 6.1.1 and 7.10.7 of the Subdivision Regulations and Sections 3.6.6(3) and 4.7.3(5) of the Zoning Regulations due to the steep slopes located on the property?" (Appellants' Statement of Questions at 1, filed Dec. 17, 2012.) Zoning Regulations § 3.6.6(3) states that "[o]n any lot, land development, including, without limitation to, the development of structures, private roads, driveways, or utilities, shall not occur on areas containing Steep Slopes," and the provision goes on to prohibit most disturbance of land and vegetation on steep slopes. Subdivision Regulations §§ 6.1.1 and 7.10.7 largely mirror Zoning Regulations § 3.6.6(3) in prohibiting land development, as defined in 24 V.S.A. § 4303, on areas of a lot containing steep slopes. Finally, Zoning Regulations § 4.7.3(5), addressing Mixed Use PUD development plans, requires that plans make "appropriate provision" for "slopes greater than 25%."

It is undisputed that Applicants' current lot contains steep slopes. As a result, Appellants claim that, because "land development" as defined by 24 V.S.A. § 4303(10) includes subdivision, Applicants may not subdivide their lot, even if Applicants propose no other development or disturbance on the areas of their property containing steep slopes. We find Appellants' expansive interpretation of the Zoning and Subdivision Regulations unpersuasive.

In support of their argument, Appellants cite In re Martin and Perry, LLC Final Plat Application, No. 222-10-08 Vtec (Vt. Envtl. Ct. Jan. 22, 2010) (Durkin, J.), ostensibly to show that the Town of Westford, under a prior version of its Subdivision Regulations, argued that steep slopes could not be developed or subdivided absent a waiver. We see nothing in Martin and Perry to suggest that the Town claimed that, absent a waiver, no lot containing steep slopes may ever be subdivided, no matter how large the lot, how small the area of steep slopes, or whether any physical development would impact the area of steep slopes. In any case, such an interpretation would be clearly irrational. See Shlansky v. City of Burlington, 2010 VT 90, ¶ 8,

188 Vt. 470 (stating that courts must presume that drafters intended an interpretation that would have fair and rational, rather than absurd or irrational, consequences.)

Moreover, we conclude that the plain language of Subdivision Regulations §§ 6.1.1 and 7.10.7 and Zoning Regulations §§ 3.6.6(3) and 4.7.3(5) does not suggest such an absurd result. Subdivision Regulations §§ 6.1.1 and 7.10.7 and Zoning Regulations § 3.6.6(3) prohibit development on <u>portions</u> of a lot that contains steep slopes, not the entire lot. While subdivision may lead to the further development of a portion of a lot, subdivision, in contrast to construction of a structure or driveway, does not physically impact any specific portions of a lot. To conclude that subdivision actually affects <u>all</u> portions of a lot, and therefore represents impermissible development on those portions containing steep slopes, would be irrational. See <u>Shlanksy</u>, 2010 VT 90 at ¶ 8. Accordingly, we conclude that Subdivision Regulations §§ 6.1.1 and 7.10.7 and Zoning Regulations §§ 3.6.6(3) and 4.7.3(5) do not automatically prohibit the subdivision of a parcel of land containing steep slopes.

Despite agreeing with Applicants' legal argument, however, we cannot grant Applicants summary judgment on Question 3. While Applicants contend that they propose no physical development on the portions of their property containing steep slopes, Appellants claim that, until they are permitted to engage in further discovery, they cannot be certain where the steep slopes on Applicants' property are located. (Appellants' Statement of Disputed Material Facts at 3, filed May 29, 2013.) Appellants have also filed an affidavit to that effect. Accordingly, pursuant to V.R.C.P. 56(d), we **DENY** Applicants' motion for summary judgment on Appellants' Question 3 and reserve for trial the factual question of whether Applicants propose any development on portions of their property containing steep slopes.

## II. Appellants' Questions 4 through 15

Appellants' Questions 4 through 15 all ask whether Applicants' proposed project complies with particular provisions of the Subdivision Regulations or the Zoning Regulations. The adjudication of each of these questions will rely to a greater or lesser extent on factual determinations made by this Court. As a result, we may only grant summary judgment on these questions now if Applicants show, through their motion for summary judgment, "that there is no genuine dispute as to any material facts." V.R.C.P. 56(a). In part, Applicants may do so by filing a statement of undisputed material facts, "consisting of numbered paragraphs with specific citations to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, stipulations (including those made for

4

purposes of the motion only), admissions, interrogatory answers, or other materials." V.R.C.P. 56(c)(1)(A).

Applicants have filed a statement of undisputed material facts and a number of exhibits with their motion for summary judgment. However, Applicants rely heavily on the November 14, 2012 DRB decision below, marked as Applicants' "Exhibit A," to support their motion. We remind Applicants that in this de novo appeal, this Court proceeds "as though no action whatever has been held prior thereto" concerning the legal issues under appeal. Chioffi, 151 Vt. 9 at 11 (quoting In re Poole, 136 Vt. 242, 245 (1978)). To the extent that Applicants refer this Court to the DRB's findings of fact, we know of no legal authority enabling us to regard the factual findings below as evidentiary support; to the contrary, the purpose of holding a de novo hearing is to take evidence enabling us to make new findings of fact. To the extent that Applicants cite the DRB's conclusions of law as legal support for Applicants' summary judgment motion, we note that it is only when a bylaw presents ambiguity that this Court "may" seek to resolve the ambiguity by considering the relevant administrative body's past interpretations of the problematic provision. See, e.g., In re Korbet, 2005 VT 7, ¶ 10, 178 Vt. 459 ("the interpretation of the bylaws by the zoning board and the zoning staff 'can be determinative in a close case'") (quoting In re Maple Tree Place, 156 Vt. 494, 500 (1991) (emphasis added)). With this in mind, we turn to the merits of Applicants' motion for summary judgment on Appellants' Questions 4 through 15.

Appellants claim that at the current stage of discovery they lack sufficient information to fully dispute the facts presented by Applicants in their motion for summary judgment on Questions 5, 6, 7, 9, 10, 11, 13, 14, and 15. The Vermont Supreme Court has held that a decision on a motion for summary judgment requires "an adequate time for discovery." Doe v. Doe, 172 Vt. 533, 534 (2001). Pursuant to V.R.C.P. 56(d), "if a nonmovant shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may," among other options, deny the motion. Appellants in this case have provided an affidavit in support of their claim that they currently lack sufficient facts to oppose Applicants' motion for summary judgment on a number of their questions. In the interest of allowing Appellants sufficient time to complete discovery, and in consideration of Applicants' misplaced reliance on the DRB decision to support their motion for summary

judgment on Questions 5, 6,[2] 7, 9, 10, 11, 13, 14, and 15, we **DENY** Applicants' motion for summary judgment on those questions.

We also conclude that, notwithstanding the early stage of discovery, Appellants have raised disputes of material fact under Questions 4, 8, and 12. Accordingly, we **DENY** Appellants' motion for summary judgment on Appellants' Questions 4, 8, and 12.[3]

### III. Appellants' Questions 2 and 16 through 21

While Appellants' Questions 2 and 16 through 21 raise a number of different issues, each question asks this Court to review decisions made or actions taken by municipal officials or the DRB below. For example, Question 2 asks whether "the waivers granted by the [DRB] meet the requirements set forth in Section 8.4 of the Town of Westford Subdivision Regulations ('Subdivision Regulations') and Section 4.7 of the Town of Westford Zoning Regulations ('Zoning Regulations')." (Appellants' Statement of Questions at 1, filed Dec. 17, 2012.) In this de novo proceeding, the legal determinations made by the DRB below to waive density and setback requirements for this project are not binding on this Court, and we will conduct our appellate review without regard to those determinations. See Chioffi v. Winooski Zoning Bd., 151 Vt. 9 at 11. Thus, whether or not the waivers that the DRB granted were valid under the Bylaws is beyond the scope of our review in this de novo appeal, and we **DISMISS** Appellants' Question 2.[4]

In contrast to Appellants' Question 2, their Questions 16, 17, 18, 20, and 21 raise concerns related to the procedure used by municipal officials and the DRB below.[5] In reviewing these

---

[2] Applicants claim that Zoning Regulations § 3.6.4, mentioned in Question 6, does not apply to the proposed project because "it is not applicable to a MPUD project." (Applicants' Mot. for Summ. J. at 19, filed May 1, 2013.) Applicants fail to elaborate on this statement. While it appears that Zoning Regulations §§ 4.7.3(8) and 4.7.5, establishing dimensional requirements for mixed use planned unit developments, supersede portions of § 3.6.4, it is not clear that all requirements of § 3.6.4 are superseded. In the absence of explanation from Applicants, we reserve the issue of the applicability of § 3.6.4 for trial.

[3] In moving for summary judgment on Appellants' Question 12, Applicants also state: "Moreover, Appellants did not cogently raise this issue below and cannot raise it now on appeal." As we have previously held, however, "within the context of a de novo hearing on a zoning appeal, a party does not waive legal arguments applicable to the pending zoning application simply because that party did not specifically present those arguments when the municipal panel reviewed the pending application." In re Irish Constr. Appl., No. 44-3-08 Vtec, slip op. at 4 (Vt. Envtl. Ct. Apr. 6, 2009) (Durkin, J.).

[4] We note, however, that we can independently consider the project under the Zoning Regulations' dimensional requirements and the Subdivision Regulations' density requirements pursuant to Appellants' Questions 6 and 7. This review may require us to weigh the propriety of waiving those requirements.

[5] Appellants' Question 16 questions whether the DRB improperly heard Applicants' preliminary plat application because it was untimely filed, and Appellants' Questions 17, 18, and 20 raise challenges

6

questions, we keep in mind a principle of our de novo review: absent allegations of due process violations, we generally do not consider alleged procedural defects that occurred in the municipal proceedings below. See, e.g., In re Irish Constr. Appl., No. 44-3-08 Vtec, slip op. at 6, n.2 (Vt. Envtl. Ct. Apr. 6, 2006) (Durkin, J.); In re JLD Props. - Wal Mart St. Albans, No. 132-7-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Sept. 5, 2006) (Wright, J.). Because Appellants do not allege any procedural issues in Questions 16, 17, 18, 20, and 21 that are not cured by this de novo proceeding, we **DISMISS** these questions as beyond the scope of our de novo review.

Finally, we address Appellants' Question 19. Question 19 asks: "Did the Planning Coordinator for the Town of Westford comply with Section 4.14 of the Subdivision Regulations?" (Appellants' Statement of Questions at 3, filed Dec. 17, 2012.) The Subdivision Regulations require the Town Planning Coordinator to submit a copy of a preliminary plat to the Town Conservation Commission if a parcel of land under review for subdivision contains primary agricultural soils, primary forest soils, wildlife habitat, a significant natural area, or a proposed greenway. Subdivision Regulations § 4.14. In such a case, the DRB must "consider the comments and recommendations of the Conservation Commission in its deliberations on the Preliminary Plat." Id. Appellants argue that the Planning Coordinator never submitted a copy of the preliminary plat to the Conservation Commission. However, as we note in footnote 3 above, this is an appeal of the DRB's approval of Applicants' final plat application, and we restrict our review to the legal determinations from the final plat proceedings that may be appealed. Appellants did not appeal the DRB's decision approving Applicants' preliminary plat; thus, that decision cannot be challenged collaterally in this appeal. See 24 V.S.A. § 4472(d) (stating that an unappealed municipal panel decision becomes final and binding); City of So. Burlington v. Dept. of Corrections, 171 Vt. 587, 588–89 (2000) ("The broad and unmistakable language of [§ 4472(d)] is designed to prevent any kind of collateral attack on a zoning decision that has not been properly appealed through the mechanisms provided by the municipal planning and development statutes.") We therefore **DISMISS** Appellants' Question 19.

---

related to the DRB's grant of an extension to file the preliminary plat application. Not only do Questions 16, 17, 18, and 20 raise procedural issues outside the scope of our de novo review, they also do not concern the final plat application, which is the only application before the Court on appeal. Appellants' Question 21 suggests that Applicants' subdivision application was improperly heard by the DRB because it was not properly referred to the DRB by a Town of Westford administrative officer pursuant to 24 V.S.A. § 4460(e). As with Questions 16, 17, and 18, even if Appellants' allegation of a procedural deficiency is correct, such a deficiency is cured by this de novo review.

## IV.    Appellants' Question 22

Appellants' Question 22 asks whether "the proposed subdivision [is] in compliance with all the provisions of Chapters 4, 6, and 10 of the Westford Town Plan." (Appellants' Statement of Questions at 3, filed Dec. 17, 2012.)  As Applicants point out in their motion for summary judgment, municipal plans do not have the regulatory effect of zoning ordinances or subdivision regulations, except to the extent that those municipal ordinances or regulations specifically refer to portions of a plan.  In re Kowalski Subdivision Prelim. Plat, No. 50-3-07 Vtec, slip op. at 8 (Vt. Envtl. Ct. Jan. 16, 2008) (Durkin, J.).  Appellants' Question 22 points to no regulatory provisions authorizing this Court to review the proposed project under Chapters 4, 6, and 10 of the Westford Town Plan.  We conclude that these chapters cannot be considered by this Court in isolation.  However, Appellants' Question 4 asks the Court to review the proposed project for compliance with the Town Plan pursuant to Subdivision Regulations § 6.1.5 and Zoning Regulations § 4.7.3(4).  To the extent those sections of the Subdivision Regulations and Zoning Regulations permit this Court to review the proposed project for compliance with Chapters 4, 6, and 10 of the Town Plan, we will do so under Question 4.  We therefore **STRIKE** Appellants' Question 22 as redundant, pursuant to V.R.C.P. 12(f).

### Conclusion

For the reasons stated above, we **DISMISS** Appellants' Questions 2, 16, 17, 18, 19, 20, and 21, and we **STRIKE** as redundant Appellants' Question 22.  We **DENY** Applicants summary judgment on Appellants' Questions 3 through 15.  Because Appellants have withdrawn their Question 1, only Appellants' Questions 3 through 15 remain for trial.  The Court directs the parties to complete discovery as provided by the Court's Amended Scheduling Order of July 3, 2013.

Done at Berlin, Vermont this 26th day of July, 2013.

_____
Thomas S. Durkin, Environmental Judge

8