VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      22-AP-322

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,   2023

Jason Herron\* v. Town of Guilford
Selectboard

}
}
}
}
}
}

APPEALED FROM:

Superior Court, Windham Unit,
Civil Division
CASE NO. 22-CV-02018
Trial Judge: Michael R. Kainen

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the dismissal of his complaint against defendant, the Town of Guilford Selectboard, for denial of access to public records.  We affirm.

In June 2022, plaintiff filed a complaint in the civil division of the superior court that alleged the following facts.  Since March 2018, the Town has had a conflict-of-interest policy that requires each selectboard member to fill out a conflict-of-interest questionnaire once a year at the March selectboard meeting.  On March 15, 2022, plaintiff sent a letter to the town administrator requesting copies of the selectboard conflict-of-interest questionnaires for the previous five years.[1]  Plaintiff expected to receive twenty-five questionnaires.  Shortly after plaintiff filed his request, the town administrator fell ill and took a leave of absence.  The newly elected selectboard chairperson told plaintiff that he would fulfill the request.  "To communicate clearly," plaintiff resubmitted his request at the April 11, 2022, selectboard meeting.  On April 19, the town clerk contacted plaintiff and informed him that his copies were ready for pickup. According to plaintiff, some of the questionnaires were incomplete and others were missing. Plaintiff asked the selectboard chairperson about the incomplete and missing questionnaires. The chairperson responded by stating during the May 9 selectboard meeting that "no selectboard members, by statute, are required to annually sign nor must such policy statements be retained." Plaintiff alleged that the Town's response violated its conflict-of-interest policy and the Public Records Act (PRA), 1 V.S.A. § 317a.  He asked the court to hold the Town accountable and assist him in obtaining complete questionnaires.

The Town moved to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief could be granted.  The Town argued that it had not

---

[1]  In the March 15, 2022, letter, which plaintiff attached to his complaint, he also requested copies of all emails between the town administrator and a certain selectboard member from March 1, 2018, to March 15, 2022.

denied plaintiff's request because it provided plaintiff with all the questionnaires it had for the time frame requested, and that plaintiff did not allege otherwise. Accordingly, the Town argued, plaintiff had not been "aggrieved by the denial of a request for public records," as required to obtain relief under 1 V.S.A. § 319(a). The Town also argued that if plaintiff believed there was a denial, he had not exhausted his administrative remedies because he chose not to appeal to the head of the agency.

In response, plaintiff argued that the Town failed to respond to his initial request within three days, which constituted a denial as a matter of law, and therefore the court had jurisdiction over the appeal. Plaintiff attached to his response a March 21, 2022, letter from the town administrator, informing him that it would cost $816 to provide copies of the requested emails and questionnaires, as well as a copy of the Town's conflict-of-interest policy. Plaintiff claimed that a hearing was necessary to determine whether the Town withheld or improperly destroyed public records because the Town had never certified that the records did not exist pursuant to 1 V.S.A. § 318(b)(4).

The Town responded that the town administrator had answered plaintiff's March 15 request within a day, notifying plaintiff in a March 16 letter that due to the breadth of the request—which sought several years' worth of emails in addition to the questionnaires—it had to be reviewed by the Town's attorney and would take up to ten days to complete. The Town attached a copy of the March 16 letter. The Town argued that the March 21 letter, which plaintiff had attached to his response, informed plaintiff of the cost of providing the requested copies, and that the Town was not obligated to provide anything until plaintiff paid. Instead of paying, plaintiff submitted a new request for the questionnaires only. Once plaintiff paid the copying fees for those documents, the Town provided them. The Town submitted a sworn affidavit from the selectboard chairperson in which he certified that the Town had provided all documents responsive to plaintiff's request and had not destroyed any documents.

The civil division granted the motion to dismiss, concluding that plaintiff failed to state a claim and that it lacked subject-matter jurisdiction because the Town did not deny his request, and plaintiff did not allege in his complaint that his public records request had been denied or that he exhausted his administrative remedies. The court noted that plaintiff had submitted additional records in opposition to the motion to dismiss, which it could only consider if it converted the motion to dismiss into one for summary judgment. Even if it considered the additional materials, the court concluded, the Town would be entitled to judgment as a matter of law because the Town provided a sworn affidavit that it had provided all of the questionnaires in its custody and plaintiff had not disputed this fact with admissible evidence.

We review a decision granting a motion to dismiss for lack of subject-matter jurisdiction or for failure to state a claim de novo. Wool v. Off. of Pro. Reg., 2020 VT 44, ¶ 8, 212 Vt. 305. Such motions "may not be granted unless it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Id. (quotation omitted). In reviewing these types of motions to dismiss, we assume that the allegations in the complaint are true and "accept all reasonable inferences that may be drawn from those facts." Murray v. City of Burlington, 2012 VT 11, ¶ 2, 191 Vt. 597 (mem.). Applying these standards, we conclude that the court did not err in dismissing plaintiff's complaint.

Plaintiff brought this action under 1 V.S.A. § 319(a), which provides that "[a]ny person aggrieved by the denial of a request for public records under this subchapter may apply to the Civil Division of the Superior Court . . . to enjoin the public agency from withholding agency

2

records and to order the production of any agency records improperly withheld." The statute plainly requires there to have been a denial of a public-records request to state a claim for relief. Furthermore, we have held that a requester must show that they have exhausted their administrative remedies under 1 V.S.A. § 318 for the court to have subject-matter jurisdiction over a PRA complaint. See Bain v. Windham Cnty. Sheriff Keith Clark, 2012 VT 14, ¶ 11, 191 Vt. 190 ("When a party fails to comply with [the administrative procedure set forth in 1 V.S.A. § 318], the superior court lacks subject matter jurisdiction over a public records act complaint and such complaint must be dismissed.").

In his complaint, plaintiff alleged that: he requested five years' worth of questionnaires; the Town produced some questionnaires in response to his request; he asked the selectboard chairperson about the ones he felt were missing; and the chairperson responded orally that the Town was not obligated to retain questionnaires. Plaintiff did not allege that his request was denied, whether expressly or by a failure to timely respond. Nor did he allege that he had formally appealed the denial to the selectboard or received a written determination denying his request. Even construed in the light most favorable to plaintiff, the reasonable inference to be drawn from these allegations is that the Town gave plaintiff what it had, and that he did not follow the administrative appeal process set forth in 1 V.S.A. § 318(c).

While a complaint need not contain a detailed statement of facts, it must state a claim and contain sufficient factual allegations to support the elements of the claim, including the facts necessary to show that the court has subject-matter jurisdiction. See Paige v. State, 2018 VT 136, ¶ 10, 209 Vt. 379 ("A plaintiff must allege facts sufficient to establish his or her standing on the face of the complaint." (quotation omitted)); Colby v. Umbrella, Inc., 2008 VT 20, ¶¶ 7, 10, 184 Vt. 1 (affirming dismissal of plaintiff's claim because complaint failed to allege any facts supporting claim other than conclusory allegations). Because plaintiff's complaint failed to allege that his request had been denied, as required to state a claim under 1 V.S.A. § 319, or that he had exhausted his administrative remedies, as required for the trial court to have subject-matter jurisdiction over the claim, the court did not err in dismissing it.[2]

In his brief, plaintiff makes several factual allegations and arguments that he did not include in his complaint or opposition to the motion to dismiss, including that: the Town failed to respond to his renewed records request within three days, which was a constructive denial of that request; plaintiff did exhaust his administrative remedies by asking the selectboard chairperson about the missing questionnaires and sending emails to various town officials; the transcript of the chairperson's oral response at the May 9 selectboard meeting constituted the selectboard's written determination of his appeal; the chairperson denied his request by stating that the Town was not required to retain the questionnaires; and the Town's response to his initial request, which stated the amount of fees required to fulfill the request, was inadequate under the PRA because the Town did not make the documents "available" concurrently with its response. "[I]n order to rely upon an argument on appeal, an appellant must properly preserve it by presenting it to the trial court with specificity and clarity." Progressive Ins. Co. v. Brown, 2008 VT 103, ¶ 6, 184 Vt. 388 (quotation omitted). Because plaintiff did not make any of these arguments to the trial court in the first instance, we will not consider them on appeal. See Shlansky v. City of Burlington, 2010 VT 90, ¶ 20, 188 Vt. 470 (declining to address requester's argument that city's interpretation of PRA violated Vermont Constitution because requester did not raise issue in trial court).

---

[2] Plaintiff's counsel did not seek leave to amend the complaint in response to the motion to dismiss.

Plaintiff further argues that the court erred in its summary-judgment analysis. He challenges the court's statements that he believed the Town must have destroyed the missing questionnaires and that he sought to expand the record beyond the original complaint. He also claims that the selectboard chairperson does not represent the Town and therefore his affidavit is inadequate to prove that the Town had given him all responsive documents and did not destroy any conflict-of-interest questionnaires. He argues that there remains a genuine dispute regarding these facts. We need not address these issues because, as explained above, it was appropriate for the trial court to dismiss the case based on the deficiencies in plaintiff's complaint alone.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Karen R. Carroll, Associate Justice


_____
William D. Cohen, Associate Justice