2012 VT 88

## Vermont Human Rights Commission v. State of Vermont, Agency of Transportation

[60 A.3d 702]

No. 11-343

Present: **Reiber, C.J., Dooley, Skoglund and Burgess, JJ., and Howard, Supr. J., Specially Assigned**

Opinion Filed November 2, 2012

553

*Robert Appel,* Vermont Human Rights Commission, Montpelier, for Plaintiff-Appellant.

*William H. Sorrell,* Attorney General, and *Micaela Tucker* and *David R. Groff,* Assistant Attorneys General, Montpelier, for Defendant-Appellee.

¶ 1. **Skoglund, J.** The Vermont Human Rights Commission appeals a trial court decision interpreting 9 V.S.A. § 4554 as requiring all lawsuits brought by the Commission against the State of Vermont to be filed within a six-month conciliation period. The trial court held that because the Commission failed to file within this six-month period, its suit against the State was time-barred. We affirm the trial court's decision and dismiss the Commission's claim.

¶ 2. Under 9 V.S.A. § 4552, the Human Rights Commission has jurisdiction to investigate and enforce various discrimination complaints across the state. Where the complaint is against the State itself, the Commission also has jurisdiction over discrimination matters that would normally be addressed by the Attorney General, including claims of employment discrimination. 9 V.S.A. § 4552(b). Such is the situation presented in this matter.

¶ 3. In 2008, the Commission received a complaint against the Vermont Agency of Transportation (AOT) by an employee alleging workplace discrimination on the basis of a disability. Pursuant to 9 V.S.A. § 4554, which governs the Commission's procedure for discrimination claims, the Commission reviewed the employee's claim and determined on July 2, 2010 that there were reasonable grounds to believe AOT had discriminated against him in violation of the Vermont Fair Employment Practices Act (FEPA).

¶ 4. After a determination of reasonable grounds for a discrimination case against a state agency, § 4554(e) directs the Commission to "make every reasonable effort to eliminate the discrimination by informal means such as conference, conciliation and

persuasion." In this pursuit, the Commission initiated conciliation efforts with the State that ultimately failed. As a result, the Commission filed a complaint against the State in superior court on April 11, 2011 — over nine months after deciding there were reasonable grounds to pursue a case.

¶ 5. In response to the Commission's complaint, the State filed a motion to dismiss, arguing that the Commission's case was time-barred by § 4554. That section states:

> If the case is not disposed of by informal means in a manner satisfactory to a majority of the commission within six months, it shall either bring an action in superior court as provided in section 4553 of this title or dismiss the proceedings, unless an extension is necessary to complete ongoing good faith negotiations and all parties consent to the extension.

9 V.S.A. § 4554(e).

¶ 6. The trial court agreed with the State, holding that the six-month time period applies to the Commission and that by failing to bring a lawsuit within this period, the Commission's case must be dismissed.[*] The Commission appeals.

¶ 7. As with all questions of law, we apply a nondeferential and plenary standard of review to issues of statutory interpretation. *Our Lady of Ephesus House of Prayer, Inc. v. Town of Jamaica*, 2005 VT 16, ¶ 10, 178 Vt. 35, 869 A.2d 145. The sole issue in this case is whether the Commission is bound by 9 V.S.A. § 4554 to bring claims against the State within six months. The Commission offers two arguments in support of finding the six-month time limit does not apply. First, the Commission argues that the time limit is directory rather than mandatory, and second, that even if the time limit is mandatory, it violates the Common Benefits Clause of the Vermont Constitution. We address each argument in turn.

---

[*] Concurrent with the Commission's case against the State, the employee is pursuing his own civil discrimination claim against VAOT. This is permitted by 9 V.S.A. § 4554(f), which states that "[f]ailure to file a complaint under this section shall not affect any other remedies available under any other provision of state or federal law, unless the other provision of law specifically so provides." Thus, any time limitation on the Commission's ability to bring an action against the State does not affect the ability of the employee to bring his own independent action after the six-month time limit expires.

¶ 8. Whether a statutory time limit is discretionary or mandatory is a question of legislative intent. *State v. Singer*, 170 Vt. 346, 348, 749 A.2d 614, 615 (2000). This Court interprets the Legislature as having intended a mandatory time limit where the statute "contains both an express requirement that an action be undertaken within a particular amount of time and a specified consequence for failure to comply with the time limit." *Id.* at 348, 749 A.2d at 615-16. By contrast, we consider a time limit to be discretionary where the language is " 'merely directory, — i.e. directs the manner of doing a thing, and is not of the essence of the authority for doing it [and] compliance with its requisitions is never considered essential to the validity of the proceeding.' " *In re Mullestein*, 148 Vt. 170, 174, 531 A.2d 890, 892-93 (1987) (quoting *Warner v. Mower*, 11 Vt. 385, 394 (1839)).

¶ 9. Here, the statute states that "[i]f the case is not disposed of by informal means in a manner satisfactory to a majority of the commission within six months, it shall either bring an action in superior court . . . or dismiss the proceedings." § 4554(e). We recognize that there is a lack of precision in the phrasing of the statute; nonetheless, within it we find the necessary components of a mandatory time limit. Here, the Legislature has directed the Commission to "bring an action in superior court" — an express requirement that an action be brought — and the expectation that this action will occur within the specified time period of six months. *Id.* A "consequence" for not bringing the action within six months is also present — the Commission must "dismiss the proceedings." *Id.* By phrasing the Commission's options this way — "it shall *either* bring an action . . . *or* dismiss the proceedings" — the Legislature sets a limit on the Commission's jurisdiction. *Id.* (emphasis added).

¶ 10. Furthermore, were these words directory in nature, as the Commission argues, there would be no reason to include statutory language governing an extension of the Commission's ability to bring suit. The statute states that the Commission shall either bring an action or dismiss the proceedings, "unless an extension is necessary to complete ongoing good faith negotiations and all parties consent to the extension." *Id.* We agree with the trial court that such an extension would be completely unnecessary if the Legislature intended the time limit to be directory. Moreover, reading this statute in any way other than as a

mandatory time limit makes little practical sense. If the six-month time period was not intended to limit when the Commission could bring an action, it would serve as a limit on only the informal conciliation period. "In looking to the statutory language as an expression of legislative intent, we presume the Legislature intended an interpretation that 'further[s] fair, rational consequences,' and not one that would 'lead to absurd or irrational consequences.' " *Shlansky v. City of Burlington*, 2010 VT 90, ¶ 8, 188 Vt. 470, 13 A.3d 1075 (citation omitted). For the Legislature to limit the conciliation period to six months but leave open-ended the time frame in which the Commission could bring a suit is illogical. For these reasons, we find the time limit to be mandatory.

¶ 11. The Commission next argues that if the six-month period is a mandatory time limit, then the statute violates the Common Benefits Clause of the Vermont Constitution. The Common Benefits Clause declares, "That government is, or ought to be, instituted for the common benefit, protection, and security of the people, nation, or community, and not for the particular emolument or advantage of any . . . set of persons, who are a part only of that community." Vt. Const. ch. I, art. 7. The Commission contends that the six-month time limit in 9 V.S.A. § 4554 violates this principle by unfairly imposing a shorter time frame to bring a cause of action on the Commission as compared to the State, which is subject to a statute of limitations of six years under 12 V.S.A. § 511. The Commission asserts that this difference impermissibly grants the State additional protection against discrimination suits for no reasonable or just purpose.

¶ 12. We disagree. Statutes are presumed to be reasonable and constitutional. *Badgley v. Walton*, 2010 VT 68, ¶ 20, 188 Vt. 367, 10 A.3d 469. In addressing a common benefits claim, we have established a three-part inquiry: "(1) what part of the community is disadvantaged by the legal requirement; (2) what is the governmental purpose in drawing the classification; and (3) does the omission of part of the community from the benefit of the challenged law bear a reasonable and just relation to the governmental purpose?" *In re Hodgdon*, 2011 VT 19, ¶ 23, 189 Vt. 265, 19 A.3d 598 (quotations omitted).

¶ 13. In this case we do not see that any part of the community is denied any benefit. Though the time frames for

bringing a discrimination action differ between the State and the Commission, both entities are free to bring an action at some point. As the trial court observed, nothing in the statute prevents the Commission from bringing a suit against the State if it is so inclined. Furthermore, the Commission is in the position to decide whether or not to attempt to eliminate the discrimination by informal means. The statute provides that when the Commission finds reasonable grounds to believe that unlawful discrimination has occurred, "but does not find an emergency," it can then attempt conference, conciliation, and persuasion. It is the Commission that decides if the situation presented is an emergency needing immediate response. It is the Commission that decides to attempt informal resolution. But, after six months of effort towards resolution, the Commission must file suit or dismiss the matter. § 4554(e). Thus, although the Commission argues that a mandatory six-month time frame confers significant protection to the State, we cannot agree. As noted, the State is not specially protected from lawsuits; the Commission is free to bring an action against the State at any point in the six-month period. Moreover, the six-month time limitation applies not only to actions the Commission brings against the State, but to all the Commission's actions. The Commission's argument that the State is specially advantaged by this law — and consequently, every other employer in Vermont is denied a common benefit — is untenable.

■ ¶ 14. Limiting the amount of time in which an action can be brought is a long-standing legislative prerogative. *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 487 (1980) ("On many prior occasions, we have emphasized the importance of the policies underlying state statutes of limitations. Statutes of limitations are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system."). Statutory time limits "reflect legislative judgments concerning the relative values of repose on the one hand, and vindication of both public and private legal rights on the other." *DeMichele v. Greenburgh Cent. Sch. Dist. No. 7*, 167 F.3d 784, 788 (2d Cir. 1999). They serve several governmental purposes, including fairness to defendants, protecting the court's interest in reliance and repose, and guarding against stale demands. *In re Estate of Peters*, 171 Vt. 381, 387, 765 A.2d 468, 473 (2000); *Enter. Mortg. Acceptance Co., Sec. Litig. v. Enter. Mort. Acceptance Co.*, 391 F.3d 401, 409 (2d Cir. 2004).

¶ 15. What the Legislature has done with 9 V.S.A. § 4554(e) is to acknowledge the benefit of informal resolution of some discrimination claims under the purview of the Human Rights Commission. It has balanced this interest and created a six month period of time to accomplish that goal before filing suit, unless an emergency situation is present. In so doing, it has also provided a limit to reconciliation efforts so as to continue its responsibility to maintain a well-ordered system of judicial vindication of legal rights. It has not denied anyone the ability to access that common benefit. "Our function is not to substitute our view of the appropriate balance for that of the Legislature," and thus "[i]n our Common Benefits Clause inquiry, we do not judge whether the policy decision made by the Legislature was wise, but rather whether this decision . . . was reasonable and just in light of its purpose." *Badgley*, 2010 VT 68, ¶ 24. We accord deference to the policy choices made by the Legislature and find a six-month time limit for the Commission to bring an action against a State agency after failure of conciliation to be reasonable, mandatory, and not in violation of the Vermont Constitution.

*Affirmed.*