NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2020 VT 19

No. 2019-229

| | |
|---|---|
| T.C. | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Civil Division |
| | |
| L.D. | January Term, 2020 |

Helen M. Toor, J.

Laura Bierley, Vermont Legal Aid, Inc., Burlington, for Plaintiff-Appellant.

Samantha V. Lednicky of Murdoch Hughes Twarog Tarnelli, Burlington, for
  Defendant-Appellee.

Breanna Weaver, Montpelier, for Amicus Curiae Justice for Victims Legal Clinic of the Vermont
  Network Against Domestic and Sexual Violence.


PRESENT: Reiber, C.J., Robinson, Eaton, Carroll and Cohen, JJ.


¶ 1.     **EATON, J.**  Plaintiff, T.C., sought an order of protection against stalking or sexual assault (SSA order) against defendant, L.D. Plaintiff was seventeen at the time she sought the order; defendant was thirteen.[1] The court dismissed plaintiff's complaint without reaching the

---

[1] Defendant moved to seal the file below "[t]o protect the minor's identity and confidentiality." The trial court found no legal basis to seal the file, but, based on the parties' stipulation, referred to the parties only by their initials in its orders. Although these proceedings are not designated as confidential by statute and the file has not been sealed, see V.R.P.A.C.R. 9(a), we continue this convention on appeal.

merits, holding that the statute pertaining to SSA orders does not permit claims against a minor defendant. We reverse.

¶ 2. Plaintiff alleges she was staying overnight at her friend K.D.'s house. Plaintiff, K.D., and defendant, who is K.D.'s brother, had been watching movies before plaintiff and K.D. went to sleep. Sometime later, plaintiff awoke when defendant attempted to put his penis into her anus. As a result, plaintiff sought an emergency SSA order pursuant to 12 V.S.A. § 5134, which was denied because the court believed the SSA order statute did not provide for SSA orders against minors. K.D. then sought a hearing to pursue the order. See V.R.C.P. 80.10(e). After receiving memoranda from the parties, the court dismissed plaintiff's complaint on the same basis it denied the emergency request. This appeal followed.

¶ 3. The question of whether the SSA order statute, 12 V.S.A. ch. 178, permits SSA orders against minors is purely one of law, which we review de novo. Northfield Sch. Bd. v. Washington S. Educ. Ass'n, 2019 VT 26, ¶ 13, __ Vt. __, 210 A.3d 460 (noting that interpretation of statute is question of law reviewed without deference). Our review is therefore "nondeferential and plenary." Vt. Human Rights Comm'n v. State of Vt., Agency of Transp., 2012 VT 88, ¶ 7, 192 Vt. 552, 60 A.3d 702.

¶ 4. In construing a statute, the court's "primary objective . . . is to effectuate the Legislature's intent." Shires Housing, Inc. v. Brown, 2017 VT 60, ¶ 9, 205 Vt. 186, 172 A.3d 1215 (quotation omitted). The first step in doing so is to examine the plain language of the statute. Id. We presume that this language was "drafted advisedly, and that the plain[,] ordinary meaning of the language used was intended." Comm. to Save the Bishop's House, Inc. v. Med. Ctr. Hosp. of Vt., Inc., 137 Vt. 142, 153, 400 A.2d 1015, 1021 (1979) (citations omitted). When legislative intent is clear from the statutory language, we accept the plain meaning, our inquiry is at its end, and courts enforce the statute according to its terms. State v. Fletcher, 2010 VT 27, ¶ 10, 187 Vt. 632, 996 A.2d 213 (mem.). Only where "the language creates ambiguity or uncertainty" do "we

2

resort to statutory construction to ascertain the legislative intent." Shires Housing, Inc., 2017 VT 60, ¶ 9.

¶ 5. There is nothing in the SSA statute that expressly limits who may be the subject of an SSA complaint. The statute concerning who may seek an SSA order is 12 V.S.A. § 5133(a), which reads, in relevant part:

> A person, other than a family or household member as defined in 15 V.S.A. § 1101(2), may seek an order against stalking or sexual assault on behalf of himself or herself or his or her children by filing a complaint under this chapter. A minor 16 years of age or older may file a complaint under this chapter seeking relief on his or her own behalf.

The Legislature amended this statute, effective in 2016, to include the provision that "[a] minor 16 years of age or older may file a complaint . . . seeking relief on his or her own behalf." 2015, No. 162 (Adj. Sess.), § 3 (emphasis added). The trial court relied primarily on this amendment allowing minors to bring an SSA action to reach its conclusion that a minor could not be a defendant in an SSA action. The court reasoned that the absence in the amended statute of any provision that a minor could be sued indicated a legislative intent that minors could not be defendants in an action seeking an SSA protection order. In reaching this result, it applied a canon of statutory construction known as expressio unis est exclusio alterius, meaning "the expression of one thing is the exclusion of another." Clymer v. Webster, 156 Vt. 614, 625, 596 A.2d 905, 912 (1991). The court held that application of this doctrine suggested "that if the legislature saw fit to declare that a minor may file an action, but not that an action may be filed against a minor, the latter was not intended." The court also found what it felt to be an expression of legislative intent by virtue of the amendment sufficient to overcome existing common law. Because the court interpreted the amendment to the statute concerning who may bring an SSA action to conclude the Legislature limited who may be the defendant in one, we look to the language in the amendment to § 5133(a).

3

¶ 6. The amendment provides a simplified way for sixteen- and seventeen-year-old minors to file an action seeking an SSA order. As was the case before the amendment, § 5133(a) says nothing about who may be a defendant in an action. As a result of the amendment, sixteen- and seventeen-year-old minors need not have the complaint filed by a guardian or next friend, as was previously the case. At common law, minors could not sue on their own behalf. Duffy v. Penard, 41 Vt. 297, 299-300 (1868) ("To enable infants, or persons under age, to maintain an action, they must bring their suit not only in their own name, but by guardian or their next friend. . . . The necessity of thus bringing the action by infants, arises from their legal incapacity, incident to minority, either to appoint an attorney to act in their behalf, or properly to attend to or take care of their interests as involved in the suit."); see also Macku v. Drackett Prods. Co., 343 N.W.2d 58, 61 (Neb. 1984) ("[A]t common law an infant could sue only by a guardian, because an infant was not sui juris—a person with legal capacity to act for oneself."). This common-law limitation was carried forward under Vermont Rule of Civil Procedure 17(b), which provides that a minor who does not have a duly appointed representative may sue by a next friend or guardian ad litem (GAL).

¶ 7. Having in mind the common-law context, the purpose of the amendment to § 5133(a) is easily discernable; allowing a minor plaintiff to bring a complaint for stalking or sexual assault on his or her own behalf eliminates the need for a GAL or next friend to bring the claim. This streamlined procedure did not eliminate the ability of minors to bring complaints through a guardian or next friend; it merely provided sixteen- and seventeen-years-olds with another way to file an SSA complaint. More importantly, the amendment is unrelated to who may be a defendant in an SSA action.

¶ 8. Because the plain language of the statute is unambiguous, see also, infra, ¶¶ 10-11, the trial court should not have resorted to a canon of construction, expressio unis est exclusio alterius, to discern the Legislature's intent. See Wesco, Inc. v. Sorrell, 2004 VT 102, ¶ 14, 177

4

Vt. 287, 865 A.2d 350 (observing that, where plain meaning of statute is unambiguous, "our inquiry proceeds no further"). We note that application of this doctrine was also in error because the amendment did not create a new class of persons who can sue; it merely designated a class of minors who may avail themselves of simplified filing requirements. Expressio unis est exclusio alterius may be applied

> when in the natural association of ideas in the mind of the reader that which is expressed is so set over by way of strong contrast to that which is omitted that the contrast enforces the affirmative inference that that which is omitted must be intended to have opposite and contrary treatment.

Clymer, 156 Vt. at 625, 596 A.2d at 912 (quotation omitted). The question of who may avail themselves of simplified filing requirements and who may be sued are disparate concepts, not subject to the "natural association of ideas in the mind" that might support invocation of this canon. Id. Thus, contrary to the trial court's analysis, the amendment on how actions seeking an SSA protective order may be brought provides no insight into whom they may be brought against. Because the statute is silent on who may be the subject of an SSA complaint, we look to the common law.

¶ 9.     At common law, a claim against a minor was permitted, although special protections for the minor were afforded. Bielawski v. Burke, 121 Vt. 62, 67, 147 A. 2d 674, 677 (1959) (requiring appointment of GAL or appearance by next friend to defend bastardy complaint brought against minor defendant). As was the case with complaints by minors, the common-law protections for suits against minors were carried forward with the adoption of Vermont Rule of Civil Procedure 17(b), which provides that the court shall appoint a GAL for a minor not otherwise represented in an action or shall make such other order as it deems proper for the protection of the minor. "The common law is changed by statute only if the statute overturns the common law in clear and unambiguous language, or if the statute is clearly inconsistent with the common law, or the statute attempts to cover the entire subject matter." Langle v. Kurkul, 146 Vt. 513, 516, 510

5

A.2d 1301, 1303 (1986); see also E.B. & A.C. Whiting Co. v. City of Burlington, 106 Vt. 446, 464, 175 A. 35, 44 (1934) ("[R]ules of the common law are not to be changed by doubtful implication, nor overturned except by clear and unambiguous language.").

¶ 10. Section 5133 contains no limitation on who may be the subject of a complaint seeking an SSA protective order based upon the prospective defendant's age or the circumstance of minority. Unless they fall within the provisions of the relief-from-abuse (RFA) statutes, minors may sue and be sued under the SSA statute as they could at common law and consistent with Rule 17(b). There is nothing in the statute suggesting any intent to change the common-law rule or Rule 17(b). See Langle, 146 Vt. at 516, 510 A.2d at 1303. The related provision for RFA orders, 15 V.S.A. § 1103(a), also contains no age limitation on who may be the subject of an RFA order. As is the case with 12 V.S.A. § 5133(a), the RFA statute provides a simplified means for certain minors to bring RFA complaints without the need for a GAL or next friend. See 15 V.S.A. § 1103(a) (providing that minor sixteen years of age or older, or minor of any age in dating relationship, may bring complaint "on his or her own behalf").

¶ 11. The RFA statutes allow claims against family or household members. Household members are further defined to include minors who are dating or who have dated. 15 V.S.A. § 1101(2). Construing the SSA statute as the trial court did would leave victims of sexual assault at the hands of an unrelated minor with whom no dating relationship existed and who did not live in the same home as the perpetrator without recourse. We do not believe the Legislature intended to leave potential victims of sexual assault by a minor in those instances with no ability to get an SSA order. See Shlansky v. City of Burlington, 2010 VT 90, ¶ 8, 188 Vt. 470, 13 A.3d 1075 ("In looking to the statutory language as an expression of legislative intent, we presume the Legislature intended an interpretation that furthers fair, rational consequences, and not one that would lead to absurd or irrational consequences." (alteration omitted) (quotations omitted)).

¶ 12. The trial court also determined that the logistical issues presented by an SSA complaint against a minor were inimical to the required timelines for resolution of those complaints,[2] explaining that this was an absurd or irrational consequence courts must avoid in construing § 5133(a). It is true that complaints against minors in SSA actions create the need for a GAL[3] and likely an attorney for the child, or such other orders as the court may deem necessary if the minor is not otherwise represented. Similar protections apply where a child is the subject of an RFA petition, which is likewise an expedited proceeding. See V.R.F.P. 7.

¶ 13. Despite the potential tension between addressing the concerns raised when a minor is a defendant in an SSA case and the statutory requirement for timely resolution, we cannot envision that the Legislature intended to prevent claims against minors in SSA cases through its silence. Had the Legislature intended to bar claims against minors, it would not have been difficult to express that legislative intent in the statute. Oklahoma's anti-stalking provisions contained in its domestic-abuse statute, which also allows sixteen- and seventeen-year-old minors to seek relief on their own behalf, see 22 O.S.A. § 60.2(a), explicitly provide that stalking cannot be committed by a minor less than thirteen years old. 22 O.S.A. § 60.1 ("Stalking means the willful, malicious,

---

[2] If an emergency SSA order is issued, the defendant may contest this result; such hearing must be scheduled within fourteen days of issuance of the emergency order, see 12 V.S.A. § 5134(b); if it is denied, the plaintiff may request a hearing which must be scheduled no more than fourteen days after plaintiff's request, see V.R.C.P. 80.10(e). However, where a defendant does not receive actual notice in advance of a hearing that plaintiff is represented by counsel, at defendant's request or on the court's motion, "the court shall continue the hearing to a specific date that is the next available hearing date that will allow the unrepresented party a reasonable time to obtain counsel." V.R.C.P. 80.10(g).

[3] A GAL for a minor in SSA proceedings need not be a trained GAL as envisioned for family proceedings under Vermont Rules for Family Proceedings 6. For SSA order purposes, a GAL should be an adult appointed as an officer of the court to represent the interests of the minor in the litigation. Depending upon the circumstances, the GAL could be a parent or adult sibling. Whitcomb v. Dancer, 140 Vt. 580, 587, 443 A.2d 458, 461 (1982) (observing GAL is "considered an officer of the court to represent the interests of [a minor] in the litigation"). The GAL's representation of the minor's interests does not mean the GAL can also act as attorney for the child. A GAL and an attorney for the child fill separate roles.

and repeated following or harassment of a person by an adult, emancipated minor, or minor thirteen (13) years of age or older . . . ." (quotation marks omitted)). We are confident the trial courts will be able to address the procedural protections afforded minor defendants in SSA cases through the ability to issue such orders as they deem necessary for the protection of the minor, see V.R.C.P. 17(b), while still meeting the statutory mandates concerning final hearings. In short, we believe that the lack of protection for a class of sexual assault and stalking victims which would result from a holding that SSA protective orders may not be entered against minors—and not the complication attending an expedited proceeding involving a minor defendant—is the absurd result courts must strive to avoid in applying the plain language of the statute.

¶ 14.   Finally, we do not agree with the trial court that the availability of criminal prosecution, in delinquency cases or otherwise, against minors who stalk or sexually assault their victims plays any part in the consideration of whether minors can be defendants in SSA claims. The availability of criminal prosecution exists against adults who commit sexual assault, yet no one would suggest the possibility of prosecution would foreclose the victim of a sexual assault from seeking a civil protection order against the perpetrator.

¶ 15.   Simply stated, the limitation which the trial court read into 12 V.S.A. § 5133(a) requiring defendants in SSA protection-order cases to be adults does not exist. The decision to impose such a limitation is for the Legislature, should they choose to do so.

Reversed and remanded for a hearing on the merits.

FOR THE COURT:

_____
Associate Justice

8