NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2020 VT 48

No. 2019-150

In re A.A., Juvenile

Supreme Court

On Appeal from
Superior Court, Chittenden Unit,
Family Division

April Term, 2020

Thomas J. Devine, J.

Sarah F. George, Chittenden County State's Attorney, and Lucas M. Collins, Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

Matthew Valerio, Defender General, and Dawn Seibert, Appellate Defender, Montpelier, for Defendant-Appellant.

PRESENT: Reiber, C.J., Robinson, Eaton, Carroll and Cohen, JJ.

¶ 1. **REIBER, C.J.** We consider in this appeal whether the statutory timeline for adjudicating the merits of a delinquency petition concerning a juvenile being held in a secure treatment facility applies to a delinquency petition in which there is no secured-facility placement order because the subject juvenile had already been placed at a secure facility pursuant to a prior, separate delinquency petition. Because we conclude that the statutory timeline set forth in 33 V.S.A. § 5291(b) does not apply in such situations, we reject juvenile's call for dismissal of the petition on appeal and vacation of the secure-facility placement order that had been issued under a different petition. Accordingly, we affirm the family division's order adjudicating A.A. delinquent for having committed assault and robbery.

¶ 2.     This appeal follows a complicated procedural history involving multiple cases. A.A., who was born in February 2003, was first adjudicated delinquent and placed at Woodside, a secure treatment facility for juveniles, in September 2016.  He was placed back in his home in the continued custody of the Department for Children and Families (DCF) in December 2017.

¶ 3.     On June 5, 2018, A.A. was charged in the criminal division, under Docket No. 1731-6-18 Cncr, with one count of assault and robbery, injury resulting, in violation of 13 V.S.A. § 608(c), and one count of providing false information to a police officer, in violation of 13 V.S.A. § 1754(a).  On June 28, 2018, a delinquency petition alleging larceny was filed against A.A. in the family division under Docket No. 275-6-18 Cnjv.  While these cases proceeded, A.A. was administratively held at Woodside in connection with the earlier, unrelated delinquency case.

¶ 4.     In September 2018, on the State's motion, the assault-and-robbery case was sent to the family division, under Docket No. 394-9-18 Cnjv,[*] for the court to consider whether youthful-offender treatment was appropriate.  In October 2018, DCF informed the State that A.A. had completed his term of probation in the prior delinquency case and thus could no longer be detained at Woodside.  The State then filed a petition for emergency placement at Woodside pursuant to both pending juvenile dockets.  On November 1, 2018, following a hearing, the family division granted the motion, noting that A.A. had withdrawn his challenge to the Woodside placement.  A merits hearing was scheduled for November 16, 2018, on both juvenile dockets, but the State moved to continue the merits hearing in the assault-and-robbery case because the family division had not yet determined whether youthful-offender treatment was appropriate in that case, and, until then, A.A. remained subject to conditions of release and supervision in the criminal docket.  A.A.'s attorney in the assault-and-robbery case assented to the State's motion, and, on November 9, 2018,

_____

[*] As explained in detail below, the assault-and-robbery case was eventually transferred to the family division as a delinquency petition under Docket No. 579-12-18 Cnjv, which is the case on appeal here.

2

the court vacated its Woodside placement order as to Docket No. 394-9-18 Cnjv, concerning the alleged assault and robbery. A.A. remained at Woodside, however, pursuant to the family division's order with respect to the larceny petition in Docket No. 275-6-18 Cnjv.

¶ 5. At that time, A.A. and the State reached an agreement under which A.A. admitted to the larceny allegation in exchange for the State dropping its request for youthful-offender treatment of the assault-and-robbery case and instead transferring the case to the family division as a delinquency petition. On November 16, 2018, A.A. admitted to the larceny allegation in Docket No. 275-6-18 Cnjv, and the family division continued placement at Woodside pending disposition. In December 2018, pursuant to the parties' stipulated motion, the assault-and-robbery case was transferred to the family division as a delinquency petition under Docket No. 579-12-18 Cnjv, the case now on appeal.

¶ 6. On January 3, 2019, the family division held a preliminary hearing in Docket No. 579-12-18 Cnjv concerning the assault-and-robbery petition. The court did not issue a secure placement order in that docket, and the State did not request one, presumably because A.A. had already been placed at Woodside in connection with his adjudication as a delinquent based on the larceny allegation in Docket No. 275-6-18 Cnjv.

¶ 7. A merits hearing in Docket No. 579-12-18 Cnjv was held over two days, on February 14 and March 28 of 2019, after which the family division adjudicated A.A. delinquent with respect to the petition alleging assault and robbery. The larceny disposition hearing in Docket No. 275-6-18 Cnjv began on February 22, 2019, and concluded on April 11, 2019, along with the disposition in the assault-and-robbery petition, Docket No. 579-12-18 Cnjv.

¶ 8. Following disposition, A.A. filed a notice of appeal with respect to Docket No. 579-12-18 Cnjv, in which he challenged the family division's March 28, 2019 merits order adjudicating him delinquent for having committed assault and robbery. He argues on jurisdictional grounds that the assault-and-robbery delinquency petition must be dismissed, and his Woodside placement

3

vacated, because the family division failed to adjudicate the merits of that delinquency petition, pursuant to 33 V.S.A. § 5291(b), within forty-five days of the preliminary hearing. The State agrees that, if § 5291(b) applied to the assault-and-robbery delinquency petition, that subsection was not satisfied, and the appropriate remedy would be dismissal of the delinquency petition. The State contends, however, that § 5291(b) did not apply to that petition because the family division did not order placement in a secure facility in connection with the case being appealed—579-12-18 Cnjv, concerning the assault and robbery.

¶ 9.     A.A. responds that the timeline in § 5291(b) applies to any delinquency petition concerning a juvenile who is placed in a secure facility, regardless of whether there is an order for secure-facility placement in that particular docket. In the State's view, the statute applies only to petitions in matters in which there is an order for placement at a secure facility. We agree with the State.

¶ 10.     The legal issue before us is one of statutory construction; hence, our review is nondeferential. See Vt. Human Rights Comm'n v. State, Agency of Transp., 2012 VT 88, ¶ 7, 192 Vt. 552, 60 A.3d 702 ("As with all questions of law, we apply a nondeferential and plenary standard of review to issues of statutory interpretation."). "In construing a statute, our paramount goal is to effectuate the Legislature's intent as evidenced by the plain, ordinary meaning of the language used." Murdoch v. Town of Shelburne, 2007 VT 93, ¶ 5, 182 Vt. 587, 939 A.2d 458 (mem.) (quotation omitted). If the statutory meaning leaves doubt as to legislative intent, "we look beyond the language of a particular section standing alone to the whole statute, the subject matter, its effects and consequences, and the reason and spirit of the law." State v. Love, 2017 VT 75, ¶ 9, 205 Vt. 418, 174 A.3d 761 (quotation omitted).

¶ 11.     We first examine the statute at issue. Before disposition in a delinquency proceeding, the family division may place a juvenile in a secure treatment facility only if DCF recommends the placement as necessary and the court finds both that "no other suitable placement

4

is available" and the juvenile "presents a risk of injury to himself or herself, to others, or to property." 33 V.S.A. § 5291(a). Unless good cause is shown, if a juvenile is placed in a secure facility pursuant to that subsection "and remains in a secure facility for 45 days following the preliminary hearing, the merits hearing shall be held and merits adjudicated within 45 days of the date of the preliminary hearing or the court shall dismiss the petition with prejudice." Id. § 5291(b).

¶ 12. As the State acknowledges, the timeline set forth in § 5291(b) is mandatory rather than directory because it " 'contains both an express requirement that an action be undertaken within a particular amount of time and a specified consequence for failure to comply with the time limit.' " Vt. Human Rights Comm'n, 2012 VT 88, ¶ 8 (quoting State v. Singer, 170 Vt. 346, 348, 749 A.2d 614, 615-16 (2000)); cf. 33 V.S.A. § 5291(c) (requiring that either disposition hearing or hearing to review continued secure-facility placement be held within thirty-five days of delinquency merits hearing, but providing no consequence for failure to do so).

¶ 13. Although § 5291(b) is mandatory, the plain meaning of its language indicates that it applies only to the particular delinquency petition before the court. See Doyle v. City of Burlington, 2019 VT 66, ¶ 5, ___ Vt. ___, 219 A.3d 326 ("If the statute is unambiguous and its words have plain meaning, we accept the plain meaning as the intent of the Legislature and our inquiry proceeds no further."). The case-specific nature of the statute is revealed by its language referencing a timeline that applies when a juvenile is detained "for 45 days following the preliminary hearing," requiring review of the secure-facility placement "at the merits hearing," and mandating the consequence, if the timeline is not met, that "the court shall dismiss the petition with prejudice." 33 V.S.A. § 5291(b) (emphasis added). Use of the definite article as such indicates that the statute concerns the particular preliminary and merits hearings in connection with the particular petition in which the court has issued the secure-facility placement order.

5

¶ 14. The triggering events for the forty-five-day statutory timeline to hold the pre-disposition merits hearing with respect to the particular petition before the family division are both placement at Woodside and the preliminary hearing resulting from that petition. Following a disposition order, DCF has the sole authority to place a juvenile in its custody in a secure facility. 33 V.S.A. § 5291(e). Thus, the forty-five-day timeline would not be triggered by a new delinquency petition concerning a juvenile already being detained at a secure facility post-disposition pursuant to an earlier petition. By the same token, it would make little sense for the forty-five-day timeline to be triggered by a new petition concerning a juvenile already being detained pre-disposition pursuant to an earlier petition.

¶ 15. Here, the family division initially entered the Woodside placement order pursuant to both the larceny and assault-and-robbery cases. But shortly thereafter the court granted the State's unopposed motion and vacated that order with respect to the assault-and-robbery case. After the parties agreed to transfer that youthful-offender case to the family division as a delinquency petition, there was no Woodside placement request or order pursuant to that petition because A.A. had already been placed at Woodside pursuant to the larceny delinquency petition. Hence, dismissal of the assault-and-robbery petition for not abiding by the forty-five-day timeline would not have impacted A.A.'s placement status at Woodside—and thus would not have furthered the Legislature's policy underlying § 5291 of expediting delinquency proceedings when juveniles are placed in secure facilities. It is unlikely that the Legislature intended such a result.

¶ 16. A.A. asks us not to construe § 5291(b) narrowly, noting that this subsection is the only one in the Juvenile Proceedings Act that mandates dismissal of a case for failure to follow the statutory timeline set forth therein. We find this reasoning unconvincing. Indeed, because § 5291(b) sets forth the extreme remedy of dismissal that avoids reaching the merits of important juvenile proceedings, we decline to apply a broad reading that ignores the plain language of the subsection and does not further the subsection's underlying legislative policy. A case-specific

6

interpretation is consistent with the legislative intent to minimize unnecessary juvenile detention at a secure facility.  The dismissal remedy provided in § 5291(b) is effective at removing juveniles from detention when it applies to the docket in which the placement order was issued.  Because A.A. was not placed at Woodside in connection with the docket before us, the timeline in § 5291(b) does not apply, and therefore there is no basis to grant the dismissal remedy A.A. seeks.

Affirmed.

FOR THE COURT:

_____
Chief Justice

7