Filed 03/04/26

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-00855

---

Megan Barli, et al v. Jeffrey Wulfman, MD, et al

---

### Decision and Order on Motions #9, 10, 11, and 12

Plaintiffs Scott Barli and Lisa Barli are the parents of Plaintiff Megan Barli. In this medical malpractice action, Plaintiffs allege that Megan Barli was harmed when Defendant Jeffrey Wulfman, M.D., treated her for Lyme disease. Plaintiff's claim that Dr. Wulfman failed to identify or monitor the progressive damage his course of treatment caused to Megan Barli's kidneys. The parties have filed several motions, which are addressed and decided below.

1. Defendant Jeffrey Wulfman, M.D.'s Motion to Dismiss (Motion #9)

   a. Background

Megan Barli was born on March 19, 2003. Dr. Wulfman treated Megan Barli from September 22, 2008, through August 31, 2012. Plaintiffs allege that Dr. Wulfman never ordered kidney function tests, and that if he had done so, they would have identified progressive harm to Megan Barli's kidneys, caused by the treatment. Plaintiffs filed suit on or around March 1, 2023.

   b. Discussion

Dr. Wulfman moves to dismiss the complaint based on Vermont's statute of repose for medical malpractice claims. That statute reads as follows:

> Notwithstanding section 512 of this title, and except as provided in sections 518 and 551 of this title, actions to recover damages for injuries to the person arising out of any medical or surgical treatment or operation shall be brought within three years of the date of the incident or two years from the date the injury is or reasonably should have been discovered, whichever occurs later, but not later than seven years from the date of the incident. No statute of limitations shall limit the right to recover damages for injuries to the person arising out of any medical or surgical treatment or operation where fraudulent concealment has prevented the patient's discovery of the negligence. Where the action is based upon the discovery of a foreign object in the patient's body, which is not discovered within the period of

1

> limitation under this section, the action may be commenced within
> two years of the date of the discovery of the foreign object.

12 V.S.A. § 521.  According to Dr. Wulfman, the date of the incident from which the repose period began to run was August 31, 2012.  Plaintiffs filed this action on March 31, 2023. Defendant argues that it was filed "later than seven years from the date of the incident," thus, the action is now barred.

Dr. Wulfman refers to *CTS Corp. v. Waldburger*, in which the United States Supreme Court stated that statutes of repose "generally may not be tolled, even in cases of extraordinary circumstances beyond a plaintiff's control." *CTS Corp. v. Waldburger*, 573 U.S. 1, 9 (2014). Indeed, the Vermont Supreme Court acknowledged *CTS Corp.*'s distinction between statutes of limitation and statutes of repose in *Carpin v. Vermont Yankee Nuclear Power Corp.*, which addressed whether section 518(a), Vermont's statute of repose for ionizing radiation injury, applied when a plaintiff did not discover the alleged harm until after the repose period had expired.  2024 VT 27, ¶¶ 14 and 20 n.5, 219 Vt. 238.

Dr. Wulfman's reliance on *CTS Corp.* is misplaced.  Statutes of limitation and statutes of repose have differing purposes, as *CTS Corp.* underscored, such that *equitable* tolling applies to the former and not to the latter.  "Imposing time limits on causes of action, such as a statute of repose, is a valid and 'long-standing legislative prerogative.'" *Carpin*, 2024 VT 27, ¶ 21 (quoting *Vt. Hum. Rts. Comm'n*, 2012 VT 88, ¶ 14, 192 Vt. 552 (citation omitted)).  It follows that the legislature has the power to allow for different periods of repose and different conditions under which the periods begin to run.  In the case of section 521, the legislature expressly provided for two exceptions to its repose period, section 518 and 551.  Section 518(a) provides for a longer maximum period of repose than section 521 in instances where harm from ionizing radiation is alleged.  Section 551, crucially, provides as follows:

> *When a person entitled to bring an action specified in this chapter*
> *is a minor*, lacks capacity to protect his or her interests due to a
> mental condition or psychiatric disability, or is imprisoned at the
> time the cause of action accrues, such person may bring such
> action within the times in this chapter respectively limited, *after*
> *the disability is removed*.

12 V.S.A. § 551(a) (emphasis added).  This plainly states that the times imposed by section 521, in the case of a minor, begin upon their eighteenth birthday.  See 1 V.S.A. § 173 ("Persons of the age of 18 years shall be considered of age and until they attain that age, shall be minors. Whenever referred to in the laws of this State, a person who is an adult or who has attained majority shall be a resident or nonresident person of 18 years of age or more.").  Plaintiffs filed this action within the period as limited by section 521 subject to the exception that section 551 provides.  Accordingly, Dr. Wulfman's motion to dismiss is denied.

2. <u>Plaintiff's Motion for Protective Order to Enforce Scheduling and Mediation Order Dated August 7, 2025 and for Expedited Briefing Schedule (Motion #10)</u>

Plaintiffs move for a protective order under V.R.C.P. 26, and in the alternative, for sanctions under V.R.C.P. 16.2 and 37, to enforce the Court's August 7, 2025 scheduling order. They also request an expedited briefing schedule for the pending motion to dismiss.

The Court issued a scheduling order on July 13, 2023. Upon joint motion of the parties, on July 5, 2024 the Court extended the discovery deadlines and established a later trial ready date. Following an assented-to motion, the Court issued a third scheduling order on November 13, 2024. That order set a deadline for depositions of the Plaintiffs' experts by April 15, 2025. Defendants did not request to depose any of the Plaintiffs' experts prior to April 15, 2025.

On July 23, 2025, the Court denied assented-to deadline extensions to the discovery schedule. In that order, the Court stated that it will allow deadlines to be extended until the end of the year but also ordered the parties to be prepared to pick a jury at the January 2026 draw. After the parties filed a joint motion to reconsider, the Court conducted a hearing on August 7, 2025. Following that hearing, the Court issued a fourth scheduling order, looking to schedule trial for some time in the Summer of 2026. The Court also ordered that Defendants were to complete depositions of Plaintiff's experts by November 15, 2025.

The parties participated in mediation on October 23, 2025, and scheduled a second mediation session for October 31, 2025. According to Plaintiffs, Defendant Porter Hospital ("Porter") cancelled the session on October 30, 2025. The parties continued to engage in negotiations via the mediator until the beginning of December 2025.

It was not until the eve of the expert deposition deadline that Porter attempted to schedule the depositions and to discuss additional deadline extensions. According to Plaintiffs, they reluctantly agreed and scheduled the depositions for December 2025. Plaintiffs informed Defendants that they were not willing to agree to further extensions. Plaintiffs scheduled depositions for two of their experts on December 16 and 19, 2025. On December 10, 2025, counsel for Dr. Wulfman notified the parties that he would not be available, despite his office's involvement in scheduling the depositions. No reason was given for his sudden unavailability. Porter notified Plaintiffs that in light of Dr. Wulfman's counsel being unavailable, it did not intend to proceed with the scheduled depositions. As of the date of this motion, Defendants did not provide potential dates for rescheduling.

Plaintiffs argue that Dr. Wulfman filed his motion to dismiss in bad faith, to further delay these proceedings. They contend that Megan Barli's condition is complicated and are concerned that Defendants seek to delay trial in the hope that she will die, thus reducing the amount of a potential award of damages.

Counsel for Plaintiffs submitted an affidavit outlining the good faith efforts made in accordance with V.R.C.P. 26(h) to resolve the discovery issues. The affidavit mentions emails, but it is not clear that Attorney Meub engaged in any discussions by telephone or in-person to resolve the issues.

Rule 26(c) provides in pertinent part that:

[u]pon motion by a party or by the person from whom discovery is sought, and for good cause shown, any Superior Judge may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place or the allocation of expenses for the discovery or disclosure; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters.

Rule 26(f) states that the Court shall enter an order establishing a discovery plan and schedule under Rule 16.2. Rule 16.2(d), in turn, states the following: :

A scheduling order, unless modified, controls the subsequent course of the action and takes precedence over any rule with respect to the time for taking any action or the scheduling of actions for trial. When a party fails to obey a scheduling order, the court may impose the sanctions provided in Rule 37(b)(2)(B) or (C) or, if the failure is to appear for trial as directed, dismiss the action or enter a default.

Rule 37(b)(2) permits the following sanctions "if a party fails to obey an order entered under Rule 26(f)":

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; …

The Court previously ordered no further extensions of discovery deadlines would be granted. Plaintiffs suggest a trial-ready date in May 2026.

Porter argues that it should not be penalized for Dr. Wulfman's unavailability to attend depositions or the timing of his motion to dismiss. Porter states that due to the confidentiality of mediation, it cannot comment on the reason it asked to postpone the second mediation session. It contends that when Dr. Wulfman indicated that he could not participate in the depositions as scheduled in December, Porter had no choice but to agree to reschedule. It does not explain why

Porter did not schedule and follow through with the expert depositions. It also does not explain why it did not simply attend the depositions as scheduled, despite Dr. Wulfman's purported unavailability. This is especially in light of Dr. Wulfman's failure to provide any reason why his counsel could not attend the depositions after their office had participated in the scheduling.

Dr. Wulfman contends that Plaintiffs failed to meet their Rule 26(h) obligation to confer. Further, Dr. Wulfman's counsel alleges that rather than attempting to confer in an attempt to narrow or resolve the dispute, Plaintiffs' counsel sent her an angry email on December 10, 2025. Dr. Wulfman claims that this email did not give his counsel an opportunity to respond. Dr. Wulfman also argues that his motion to dismiss was not filed in bad faith, pointing out that *Carpin* was not published until 2024. For that reason, he claims the motion was not a stalling tactic because *Carpin* was not established case law when Plaintiff filed the action in 2023 "and when Defendant first undertook the task of determining whether the seven year statute of repose set forth in 12 V.S.A. § 521 would bar Plaintiff's [sic] action." Defendant Jeffrey Wulfman, M.D.'s Opposition to Plaintiff's [sic] Motion for a Protective Order ("Opposition") at 4. Finally, Dr. Wulfman claims that the December deposition was cancelled due to "an unforeseen and unavoidable scheduling conflict." *Id*.

The Court agrees that Plaintiffs' affidavit is insufficient to satisfy the requirement demanding that counsel "confer" in an attempt to resolve or narrow the scope of any discovery dispute. *Passera v. Global Values, Inc.,* No. 606-11-19 WNCV, 2020 WL 13260817, at *1 (Vt. Super. June 02, 2020). However, in the larger context of the numerous extensions of discovery deadlines and the Court's insistence that no further continuances would be granted, Defendants failed to explain why they did not schedule the depositions sooner. It appears Defendants failed to prioritize conducting those depositions in December, when Plaintiffs' counsel generously offered to do so. Moreover, they neglected to file a motion to extend the deadlines due to the unforeseen and unavoidable scheduling conflict.

The portion of the pleading relating to the motion to dismiss is moot, given the decision on that motion as set forth above. The Court previously expressed its reluctance to continue to extend deposition deadlines. The time for deposition of Plaintiffs' experts has passed. At this time, the Court does not find that the evidence of delay, on its own, demonstrates bad faith conduct. The Court may reconsider the evidence if Defendants' conduct adds further delay to the proceedings. For the reasons discussed above, Plaintiffs' motion is granted in part and denied in part.

3. <u>Defendant Porter Hospital, Inc.'s Motion for Judgment on the Pleadings (Motion #11)</u>

Porter moves for judgment on the pleadings pursuant to V.R.C.P. 12(c), based on the statute of repose. For the reasons discussed above, the motion is denied.

4. <u>Motion for Scheduling Order for Trial and for Order Dealing with Other Trial Related Matters (Motion #12)</u>

5

Plaintiffs move for a date certain for trial and for guidance and clarification about several matters related to trial. Specifically, Plaintiffs request the following:

a. A specific date for the trial[1] due to the need to schedule several experts and because Plaintiffs reside in Florida;
b. An order to present the testimony of treating professionals from Florida to testify by deposition one month before the scheduled trial date;
c. An order including parameters for the use of videos and photographs to present Megan Barli's issues and challenges due to her renal failure; and
d. An order stating how the Court would like to deal with the magnitude of medical and billing records from 2012 to the present.

Porter contends that Plaintiffs' requests are premature. The parties had allegedly previously agreed that the trial would last eight days. Generally, Porter does not object to setting fixed dates for trial, but asserts that doing so now is premature, presumably due to the pending dispositive motions. Porter opposes delaying the depositions of the treating professionals, arguing that those depositions may impact the opinions of Porter's own experts. As to the videos and photographs, Porter seeks to reserve the right to object to said items because they have not yet been disclosed. Finally, Porter suggests that the parties attempt to resolve the medical and billing records issue.

Plaintiffs have not yet provided adequate basis for allowing the treating professionals from Florida to testify by deposition only. In the interest of moving discovery toward completion, at the upcoming status conference, the Court will set revised deadlines for the completion of the treating professionals' depositions, keeping in mind Porter's request to complete the depositions with enough time for its experts to prepare to respond at trial. As to the video and photographic evidence, Plaintiffs' motion does not contain sufficient information from which the Court could decide parameters for the introduction of such evidence at this juncture—as it is simply too vague. The Court requests that the parties attempt to work out a list of stipulated medical and billing records ahead of trial.

As requested in the parties' stipulated motion to stay discovery, which the undersigned granted on February 17, 2026, and because the Court has denied Defendants' dispositive motions above, it will set a status conference to discuss and set a revised discovery and trial schedule. The Court denies Plaintiffs' motion at this time and reserves the right to revisit the decision on the individual issues at a later time.

## Order

For the reasons stated above, Dr. Wulfman's Motion to Dismiss and Porter's Motion for Judgment on the Pleadings are denied. Plaintiffs' Motion for Protective Order is granted in part

---

[1] Plaintiffs state that the trial is anticipated to be at least two to three weeks.

and denied in part.  Plaintiffs' Motion for Scheduling Order for Trial and for Order Dealing with Other Trial Related Matters is denied.

The Court will set a status conference at the earliest available date no sooner than two weeks from the date this order issues.


Electronically Signed on: Wednesday, March 4, 2026 pursuant to V.R.E.F. 9(d).

_____
Susan A. McManus
Superior Court Judge