Filed 12/04/23

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-03778

---

**Curtis Hier v. Slate Valley Unified School District**

---

## ENTRY REGARDING MOTION

Title:      Motion for Summary Judgment  (Motion: 1)
Filer:      Sean M. Toohey
Filed Date: October 04, 2023

The motion is DENIED.

Petitioner made requests to school administrators for specific forms and other documentation of incidents in which students at the Fair Haven Grade School have been subject to restraint or seclusion. He has exhausted administrative processes and seeks the documents as public records to which he claims entitlement pursuant to Vermont's Access to Public Records Act, 1 V.S.A. §§ 315–320. The Respondent Slate Valley Unified Union School District (hereinafter "District") claims that the documents are exempt from disclosure as "student records" under 1 V.S.A. § 317(c)(11), and has filed a Motion for Summary Judgment which the Petitioner opposes, claiming the exemption does not apply as he seeks redacted versions only, without student names. Oral argument was heard on November 29, 2023.

### Facts

The material facts are not in dispute.[1] The facts show that Petitioner made an initial request that was later modified and the modified version became the first of three requests seeking certain school records. All were duly appealed and denied by the Superintendent of the District, making them ripe for appeal to this court. Although not presented this way by the parties, the court describes the three requests ripe for adjudication below separately as I, II, and III. The italicized quotations below identify the records sought in the appeal of each request.[2]

---

[1] In its Statement of Undisputed Material Facts, Respondent included some information about the relationship of the parties and history of prior communications and requests. The court agrees with Petitioner that this historical information is not material to the issue before the court. Only the material facts are presented here and used in analyzing the claim.

[2] Where a portion of a request was for other documents that were provided to Petitioner, that portion of the request is excluded from this summary of facts.

## REQUEST I:

8/2/23-Mr. Hier sought redacted copies of "4500 forms" submitted from January-April 2021.[3]

8/4/23-The request was denied in a letter from the attorney for the Slate Valley Unified Union School District stating that "Rule 4500 forms are student records." The letter concluded with ". . .you may appeal this decision to Superintendent Brooke Olsen Farrell as head of agency pursuant to 1 V.S.A. § 318."

8/9/23-Mr. Hier submitted an appeal and an amendment to his request as follows: "I have received information that the AOE received no form 4500s from this school district between January and April 2021. So please provide *redacted copies of any 4500 forms filled out by any employee in the school district during that period. Just to clarify, I am requesting all redacted reports of the use of restraint and seclusion from January through April 2021*."[4]

8/11/23-This appeal was denied in a letter from the attorney for the District which concluded with the statement that "you may file suit pursuant to 1 V.S.A. § 319."

## REQUEST II (filed prior to the denial of the appeal in Request I)

8/10/23-Mr. Hier initiated a new request: "*I am also requesting any documents related to the use of the 'Blue Room' or 'calm down space' or any other such room at FHGS* [presumably Fair Haven Grade School] *during that period.* [January to June 2021].[5] *I am further requesting all documents from FHGS regarding the use of restraint and seclusion from that period.*"

8/11/23-The request was denied in a letter from the attorney for the District. It stated, in part, "To be clear, the District has 4500 forms from the period requested, but they are exempt under the Public Records Act because Rule 4500 forms detailing instances of restraint or seclusion of students are student records." (Ex. A4)

8/14/23-Mr. Hier's request was amended as follows: "*I am broadening my request, in addition to my August 10 request, to see all appropriately redacted documents regarding the use of the 'Blue Room' or any room used for seclusion or to isolate students at FHGS from 2015 to 2022.*"

8/17/23- The request was denied in a letter from the attorney for the District. It stated, in part, that with "regard to the 'Blue Room' request, the District does not have any records other than the previously requested 4500 forms concerning the restraint and seclusion of students. As

---

[3] "4500 Forms" are forms required to be completed by school personnel when a student is restrained or secluded and are described in more detail below. The facts as presented by the parties do not describe to whom this request was directed, nor to what school(s) within the District it pertained nor its exact content. In the appeal Petitioner seeks such forms related to the Fair Haven Grade School.

[4] Reports are made to the School Administrator. Only reports with certain content are forwarded to the Superintendent or Commissioner of Education. Rule 4503, *infra*.

[5] The time period was identified in a simultaneous request for emails. The denial letter from the attorney for the District also stated: "With regard to the emails, please see the attached. Student names and information in the emails are redacted consistent with 1 V.S.A. § 317(c)(11) and FERPA."

previously stated in the denial of your appeal dated August 11, 2023, the Rule 4500 forms are student records, which are exempt from the Vermont Public Records Act, 1 V.S.A. § 317(c)(11)."

The letter concluded by stating that the decision could be appealed to Superintendent "as head of agency pursuant to 1 V.S.A. § 318."

8/18/23-Mr. Hier appealed to the Superintendent.

8/23/23-The Superintendent denied the appeal in an email: "Thank you for the appeal. I deny it."

### *REQUEST III*

8/25/23-Mr. Hier directed a request to the Superintendent in an email: "*I am requesting redacted restraint and seclusion documents concerning Rebecca Armitage from anytime during her career. Ms. Armitage, as assistant principal, dealt with many students. It would be impossible to identify any of them from the student population at FHGS.*"

8/30/23-The Superintendent denied the request in an email based on the exemption for student records.

8/30/23-Mr. Hier responded in an email that he was appealing the 8/25/23 request.

9/6/23- The Superintendent denied the appeal and stated, "You may seek further review as set forth in the letters. 1 V.S.A. § 319."

### Conclusions of Law

In pursuing the appeal to this court, Mr. Hier wrote: "Defendant refused to provide documents relating to Rebecca Armitage and restraint and seclusion incidents at Fair Haven Grade School. . .I am asking. . .to enjoin Defendant to provide requested documents relating to Rebecca Armitatge [sic] and restraint and seclusion incidents at Fair Haven Grade School."

The court interprets this as pursuit of the information in all three appeals, and that the subject of this suit therefore includes the following related to Fair Haven Grade School:

- Redacted 4500 forms filled out by any District employee from January through April 2021
- Any documents relating to the use of the "Blue Room" or any "calm down space" or any room used for seclusion or to isolate students at FHGS from 2015 to 2022
- Any redacted restraint and seclusion documents concerning Rebecca Armitage at any time during her career.

Petitioner has made clear that he agrees to the redaction of any student names from any of the documents. He is also willing to have the court conduct an *in camera* review and redact additional content from the forms.

The District's position is that all requests are for "student records," and that such records are categorically and wholly exempt from production under the Public Records Act under 1 V.S.A. § 317(c)(11) and further that the forms may not be provided in redacted form with names and other identifying information blacked out.

*Legal and administrative framework*

Title 16 of the Vermont Statutes Annotated concerns Education. Part I addresses Administration, and within that Part, Chapter 3 is about the State Board of Education, with Subchapter 1 establishing General Provisions. In that Subchapter, 16 V.S.A. § 164 establishes the General Powers and Duties of the State Board, including rulemaking under Title 3, chapter 25: "Adopt rules pursuant to 3 V.S.A. chapter 25 to carry out the powers and duties of the Board as directed by the General Assembly, within the limitations of legislative intent." 16 V.S.A. § 164 (7).

The State Board has adopted a Series 4500 Rule entitled "Use of Restraint and Seclusion in Schools (4500)," Rule CVR 22-000-036, which became effective August 16, 2011.[6] Its purposes are to "create and maintain a positive and safe learning environment in schools; promote positive behavioral interventions and supports in schools; and ensure that students are not subjected to inappropriate use of restraint or seclusion." It includes both prohibitions and permissible uses of various forms of restraint and seclusion, which are defined in detail in Section 4502.

Section 4503 is entitled "Reporting the Use of Restraint and Seclusion."
Section 4503.1 requires any person who imposes a restraint or seclusion to report it to the School Administrator: "Any person who imposes a restraint or seclusion shall report its use to the school administrator as soon as possible, but in no event later than the end of the school day of its use."
Section 4503.2 requires the school administrator to provide prompt verbal notice to the student's parents and also written notice with specified content within 24 hours.
Sections 4503.3 and 4503.4 specify particular circumstances in which reports are required to be provided by the school administrator to the superintendent, and by the superintendent to the Commissioner of the Department of Education.

Section 4505 is entitled "Documentation." It provides in full as follows (shown in italics):

*Each school shall maintain written records of each use of restraint and seclusion. The records shall be maintained by the school administrator and shall include the following:*

*a. The name, age, gender and grade of the student;*

---

[6] It is also available at https://education.vermont.gov/sites/aoe/files/documents/edu-state-board-rules-series-4500.pdf

*b. The date, time and duration of the restraint or seclusion;*

*c. Any injuries, death or hospitalization to student or staff resulting from the use of restraint or seclusion;*

*d. The location where the restraint or seclusion occurred;*

*e. The precipitating event[s] leading up to the restraint or seclusion;*

*f. A list of school personnel who participated in the application, monitoring and supervision of the student while restrained or secluded;*

*g. The type of restraint or seclusion used;*

*h. The reason for the restraint or seclusion;*

*i. A description of all the interventions used prior to the application of the restraint or seclusion;*

*j. Whether the student has a behavioral intervention plan and/or individualized education plan, Section 504 plan or educational support plan; and*

*k. The date notification was provided to the student's parents.*

Both parties to this case refer to the documents at issue as "4500 forms." No 'form' has been submitted as an exhibit, but the court infers that a standard format used for reporting purposes has been created, that it calls for the above information, and that it is this document as completed that Petitioner seeks with the student's name redacted.

## *Analysis*

The Public Records Act begins with a Statement of Policy as follows:

(a) It is the policy of this subchapter to provide for free and open examination of records consistent with Chapter I, Article 6 of the Vermont Constitution. Officers of government are trustees and servants of the people and it is in the public interest to enable any person to review and criticize their decisions even though such examination may cause inconvenience or embarrassment. All people, however, have a right to privacy in their personal and economic pursuits, which ought to be protected unless specific information is needed to review the action of a governmental officer. Consistent with these principles, the General Assembly hereby declares that certain public records shall be made available to any person as hereinafter provided. To that end, the provisions of this subchapter shall be liberally construed to implement this policy, and the burden of proof shall be on the public agency to sustain its action.
(b) The General Assembly finds that public records are essential to the administration of State and local government. . . .Public records document the

legal responsibilities of government, help protect the rights of citizens, and provide citizens a means of monitoring government programs and measuring the performance of public officials. Public records provide documentation for the functioning of government and for the retrospective analysis of the development of Vermont government and the impact of programs on citizens.

1 V.S.A. § 315.

The exemption for student records, 1 V.S.A. § 317(c)(11), reads as follows:

"(c) The following public records are exempt from public inspection and copying: . . . (11) Student records, including records of a home study student, provided, however, that such records shall be made available upon request under the provisions of the Federal Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g, as may be amended."[7]

As stated in § 315 (a) quoted above, an agency declining to provide its records has the burden of proof to sustain its action in denying a request to provide records, including the burden of demonstrating that a record is covered by an exemption. *Rutland Herald v. Vermont State Police*, 2012 VT 24, ¶ 9. The Vermont Supreme Court has been consistent in upholding "the strong public policy favoring access to public documents and records." *Sawyer v. Spaulding,* 2008 VT 63, ¶ 8. It has repeatedly held that "exceptions to disclosure are construed strictly against the custodian of the records, and we resolve any doubt in favor of disclosure." *Id.*

The only Vermont Supreme Court decision related to the "student records" exemption is *Caledonian-Record Pub. Co., Inc. v. Vermont State Colleges,* 2003 VT 78, in which the Court upheld the withholding of college student disciplinary records as "student records" exempt from disclosure under § 317(c)(11) of the Public Records Act. *Id.* at ¶ 9. In that case, the records sought were those of disciplinary proceedings for misconduct of individual students. The decision does not address the issue of redaction of student identity information from forms created for a purpose related to oversight of compliance with school policy.[8]

The District argues that the case stands for the proposition that any record that includes the identity of a student is an exempt "student record," and that such records are "categorically exempt" without the possibility of redaction. Mr. Hier argues that the records are required and maintained not so much to have a record about the student as to gather and maintain information

---

[7] The parties acknowledge that Mr. Hier is not eligible to make a request under FERPA, the Federal Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and that the Vermont Public Records Act is the exclusive pertinent law.

[8] Petitioners in the *Caledonian-Record* case also sued to obtain daily security logs maintained by Lyndon State College Department of Campus Security, which the College apparently provided in response to the suit while withholding records of disciplinary proceedings involving individual students. Many incidents in a campus security log would presumably include student names. It is unknown whether student names and/or other identifying facts were redacted from the security logs provided to the Petitioner. In any event there was no need for the Court in the *Caledonian-Record* opinion to address the use of redaction in providing records and it did not.

about patterns within the school of the frequency and use of restraint and seclusion practices, that such records should be provided under the Public Records Act, and that the names of students can be redacted to protect their privacy.

Rule 4500 shows that the Department of Education created a statewide policy with respect to the use of restraint and seclusion in schools with the purposes described in the Rule: to create a safe learning environment, promote positive behavioral interventions, and "ensure that students are not subjected to inappropriate use of restraint or seclusion." In conjunction with establishing the policy, it included in the Rule provisions for systematic reporting of all incidents. It specified the required content of such incident reports and which reports were to be submitted to which school administrators, district superintendents, and the Commissioner. This indicates a purpose of data gathering through the use of incident reports for the purpose of oversight and management of implementation of the policy.

The Vermont Supreme Court has ruled that in analyzing application of an exemption to the Public Records Act, the focus should be on the content of the documents at issue. *Rutland Herald v. Vermont State Police*, 2012 VT 24, ¶ 22. Although the Rule 4500 reporting form calls for student names and verification that parents were notified, most of the information called for on the form has to do with the factual circumstances under which restraint or seclusion was used: precipitating events, interventions used prior to the use of restraint or seclusion, the location, the type of restraint or seclusion used, the reason for use, the school personnel involved, and any injuries to anyone. The content sought focuses on the event and how it was handled rather than on the individual student. School administrators can compare this information with the details of prohibition and use requirements set forth in Rule 4500--Section 4501 on "Prohibitions," and Section 4502 on "Permissible Use of Restraint and Seclusion"--to aid in determining compliance with the policy.[9]

In cases involving a mix of personal information with information that is of public interest related to the functioning of the government, the Vermont Supreme Court has engaged in balancing the public interest in disclosure against the privacy interests of individual persons. *Trombley v. Bellows Falls Sch. Dist.*, 160 Vt. 101, 109-110. (1993). Even when a record is deemed "personal," the Court has stated that it must "balance the public interest in disclosure against the harm to the individual." *Rutland Herald v. City of Rutland*, 2012 VT 26, ¶ 11.

It appears that the primary objective of the forms and reporting requirements is effective monitoring to implement the State's restraint/seclusion policy rather than maintaining a record of individual student experience or performance. The transparency policy of the Act would be served by making such records available as long as individual privacy of students is protected. Without access to the only government records documenting compliance with its detailed policy

---

[9] Section 4502 is lengthy and sets forth numerous specific details on permissible uses and limitations in subsections:
    4502.1 Permissible Use of Physical Restraint
    4502.2 Permissible Use of Seclusion
    4502.3 (No title, but subsections a-k and section 4502.3.1)
    4502.4 Physical restraint or seclusion shall only be imposed. . .
    4502.5 Physical restraint or seclusion shall be terminated as soon as. . .

on the use of restraint and seclusion in schools, the public has no access to information collected by the government on whether Rule 4500 policy is actually being responsibly implemented.

The case squarely raises the issue of whether a government document that contains information related to the effective functioning of schools that also contains student identity information must be provided under the Act and whether redactions to prevent the disclosure of the identity of students involved may be used consistently with the Act. The District's reliance on *Caledonian-Record* for the principle that any school record with a student's name on it is a "student record" and is wholly exempt from public availability without the use of redaction is not supported by that case. The District has not provided other authority for the proposition that redaction may not be used to exclude exempt information on a document that otherwise would be subject to public access.

Redaction is a commonly used technique for protecting private information in documents that are otherwise open to the public. Indeed, in the District's August 17, 2023 letter to Petitioner denying Request II, it is stated that emails requested were provided with redactions of student identity information, and it cites 1 V.S.A. § 317(c)(11) in part as the basis for the redactions. District's Exhibit A5 (page 1) attached to Exhibit A in support of  District's Motion for Summary Judgment. The District apparently redacted names of students in emails on the basis of § 317(c)(11) while considering the Forms 4500 categorically exempt and not subject to redaction under the same statutory provision.

In *Rutland Herald v. City of Rutland*, the Vermont Supreme Court noted "that redaction could be appropriate" in a case involving "records demonstrating how the police department responds to workplace infractions, including its response to a possible pattern of inappropriate workplace behavior," a subject on which the public has an interest in knowing whether public servants are carrying out their duties. *Id.* at ¶¶ 35-37.  On the possibility of redaction, the Court specifically referenced with apparent approval a Rhode Island Supreme Court case in which that Court ordered the release of documents related to the management of a law enforcement agency "with certain redactions." *Id.*

The cases cited above show the Vermont Supreme Court's record of favoring public disclosure of government records, as called for in the Act, and engaging in a balancing test rather than categorically exempting materials of public interest concerning the functioning of government due to the inclusion of some personal identity information. The Act's policy of promoting transparency of governmental functioning strongly supports making the forms available as long as personal student information is not disclosed.

Therefore, the court concludes that the District is required to provide the 4500 Forms and other information requested, but with redactions to remove the content that appears in bold below, which would or potentially could lead to identification of individual students:

a.  The **name, age, gender** and grade of the student;

j.   **Whether the student has a behavioral intervention plan and/or individualized education plan, Section 504 plan or educational support plan**

**Names of any student anywhere on any form and any information on the form that could be used to identify a particular student, including the names of any parent or guardian of a student.**

## Summary

For the foregoing reasons, the District's Motion for Summary Judgment is *denied,* and summary judgment is *granted* to Petitioner pursuant to V.R.C.P. 56 (f) as follows:

Petitioner is entitled to receive from the Fair Haven Grade School, in redacted form, the following documents:
--Forms 4500 from January to April 2021,
--Forms 4500 from 2015 to 2022 in which the "Blue Room" or any "calm down space" is referenced, and
--Restraint and seclusion documents concerning Rebecca Armitage at any time during her career.
All documents shall be redacted to remove the names, ages, and gender of any students; whether any student had a behavioral intervention plan and/or individualized education plan, Section 504 plan or educational support plan; and any information on any form that could be used to identify a particular student, including the names of any parent or guardian of any student.

However, performance under the judgment is stayed pending the expiration of the time for appeal to the Vermont Supreme Court so that disclosure will not occur prior to a final ruling in the event of an appeal.

Electronically signed December 4, 2023 pursuant to V.R.E.F. 9 (d).

*Mary Miles Teachout*

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned